

**Jaburg & Wilk, P.C.**
3200 N. Central Avenue, 20th Floor
Phoenix, AZ 85012
602.248.1000

Micalann C. Pepe (029053)
mcp@jaburgwilk.com
Ian M. Fischer (026239)
imf@jaburgwilk.com
Kate A. Myers (034204)
kam@jaburgwilk.com

Attorneys for Defendant
Liberty Mutual Personal Insurance Company

# UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

|  |  |
|---|---|
| Crystal Lopez, | Case No.  2:23-cv-00629-ROS |
| Plaintiff, | **UNOPPOSED MOTION TO STAY** |
| v. | |
| Liberty Mutual Personal Insurance Company, a New Hampshire Corporation, | |
| Defendant. | |

Defendant Liberty Mutual Personal Insurance Company ("LMPIC") respectfully moves for a stay of all proceedings in this case, including LMPIC's obligation to answer or otherwise respond to the Complaint, pending the Arizona Supreme Court's ultimate disposition of the United States District Court for the District of Arizona's request to accept and decide the certified questions proposed in *Franklin v. CSAA Gen. Ins. Co.*, No. 2:22-cv-00540-JJT (D. Ariz. Nov 2, 2022, ECF 47). The statute at issue in the *Franklin* certified questions is also at issue here. On January 31, 2023, the Arizona Supreme Court accepted the certified questions. The certified questions are fully briefed and the Arizona Supreme Court is holding oral argument on April 18, 2023.

The Arizona Supreme Court's ultimate disposition of the certified questions may alter the legal arguments and scope of this case, including potentially mooting a motion

23043-23043-00028\\IMF\\IMF\\5494784.1

to dismiss. Proceeding with this matter while the certified questions are pending, including requiring LMPIC to respond to the Complaint, is a potential waste of judicial and the parties' resources.

Counsel for LMPIC met and conferred with Plaintiff's counsel and is informed that Plaintiff does not oppose this request and will not file a response.

## I.     A STAY PENDING THE OUTCOME OF THE CERTIFIED QUESTIONS WILL CONSERVE JUDICIAL AND THE PARTIES' RESOURCES

Plaintiff alleges she submitted a claim for underinsured motorist ("UIM") benefits under an insurance policy issued by LMPIC, LMPIC paid the claim for UIM benefits under coverage for one vehicle under the policy but LMPIC did not pay UIM benefits under coverage she alleges exists for the other vehicles under the policy. Compl., ¶¶ 7-24. Plaintiff seeks coverage for herself and a putative class of LMPIC insureds.

This is one of a number of putative class actions claiming insurers are required to provide "stacked" insurance benefits because they did not comply with A.R.S. § 20-259.01 to permit them to prohibit stacking.[1] These suits follow a decision in *Heaton v. Metro. Grp. Prop. & Cas. Ins. Co.*, 2021 WL 6805629 (D. Ariz. Oct. 19, 2021), which addressed "a single key issue: do the [insurance policies at issue] provide multiple UM/UIM coverages or a single coverage that applies to multiple vehicles."

---

[1] *See, e.g., Franklin v. CSAA Gen. Ins. Co.*, No. CV-22-00540-PHX-JJT (D. Ariz.); *Doyle v. Pekin Ins. Co.*, No. CV-22-00638-PHX-JJT (D. Ariz.); *Miller v. Trumbull Ins. Co.*, No. CV-22-01545-PHX-JJT (D. Ariz.); *Dale v. Travelers Prop. Cas. Ins. Co.*, No. 2:22-CV-1659-PHX-JZB (D. Ariz.); *Bode v. Travelers Prop. Casualty Ins. Co.*, No. 2:22-CV-01847-PHX-DWL (D. Ariz.); *Hacker v. Am. Family Mut. Ins. Co., S.I.*, No. CV2022-001936-DLR (D. Ariz); *Muehlhausen, et al. v. Allstate Fire & Cas. Ins. Co.*, No. 2:22-CV-01747-PHX-JAT (D. Ariz.); *Creasman v. Farmers Cas. Ins. Co.*, No. CV2022-01820-PHX-DJH (D. Ariz.); *Whitehead v. AMICA Ins. Co.*, No. CV2022-013851-PHX-DJH (D. Ariz.); *Caballero v. Econ. Preferred Ins. Co.*, No. 2:22-cv-02023; *Dorazio v. Allstate Fire & Cas. Ins. Co.*, No. 2:23-CV-00017 (D. Ariz.); *Moshier v. Safeco Ins. Co. of Am.*, No. 2:23-cv-00225-DLR (D. Ariz.). The Court may take judicial notice of filings in courts in this District. *Lee v. City of Los Angeles*, 250 F.3d 668, 688-89 (9th Cir. 2001).

2

On November 2, 2022, in a case with substantively identical allegations, the *Franklin* court stated that the case "is the first-filed of eleven known, present actions . . . that turn on the resolution of the same question," and certified two questions to the Arizona Supreme Court:

> Does A.R.S. § 20-259.01 mandate that a single policy insuring multiple vehicles provides different underinsured motorist (UIM)coverages for each vehicle, or a single UIM coverage that applies to multiple vehicles?
>
> Does A.R.S. § 20-259.01(B) bar an insured from receiving UIM coverage from the policy in an amount greater than the bodily injury liability limits of the policy?

*Franklin*, ECF 47. The *Franklin* court also expressly requested "that the phrasing of the questions not limit the Arizona Supreme Court's consideration of the issues involved." *Id.* In *Miller*, the court denied a motion to certify similar questions to the Arizona Supreme Court partly relying on the *Franklin* request that the Arizona Supreme Court not limit consideration of the issues involved based on the questions' phrasing and also because the court found that "it will be able to resolve [that defendant's new question] from any guidance the Arizona Supreme Court provides on the certified questions (should the Court not resolve the new question directly)." *Miller*, ECF 17.

On January 31, 2023, the Arizona Supreme Court accepted the certified questions, ordered that the case will be set for oral argument, ordered supplemental briefs by February 20, 2023, amicus briefs by March 8, 2023, and responses to amicus briefs by March 28, 2023.  The briefing is now complete and oral argument is set for April 18, 2023.

LMPIC intended to file a motion to dismiss based on the issues addressed by the certified questions. But, now that the *Franklin* Court certified these questions to the Arizona Supreme Court, LMPIC respectfully submits that a stay of all proceedings, including LMPIC's obligation to respond to the Complaint, is warranted here.

3

With its certification order, the *Franklin* Court entered such a stay. In *Miller*, the Court entered a stay and denied the pending motion to dismiss with leave to refile because the case "turns on any decision the Arizona Supreme Court chooses to make." *Miller*, ECF 17. Stays have been entered in other cases: *Doyle* (ECF 40), *Bode* (ECF 17), *Hacker* (ECF 11), *Creasman* (ECF 27)[2], *Dale* (ECF 17), *Muelhausen* (ECF 14), *Whitehead* (ECF 20), *Dorazio* (ECF 17), *Caballero* (ECF 20), and *Moshier* (ECF 7).

## II.   THIS COURT SHOULD ENTER A STAY TO PRESERVE RESOURCES AND FOR JUDICIAL ECONOMY.

The United States Supreme Court recognized long ago that "the power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants. How this can best be done calls for the exercise of judgment, which must weigh competing interests and maintain an even balance." *See Landis v. North American Co.*, 299 U.S. 248, 254-55 (1936). This Court has broad discretion to grant or deny stays to "coordinate the business of the court efficiently and sensibly." *Id.* at 255; *see also CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962) ("A district court has inherent power to control the disposition of the causes on its docket in a manner which will promote economy of time and effort for itself, for counsel, and for litigants. The exertion of this power calls for the exercise of a sound discretion.").

It is proper for this Court to stay this case pending the outcome of another case where the outcome in the other case might, at most, streamline the issues in this case, even if the outcome of the other case may not be dispositive of this case. *See, e.g.*, *Landis*, 299 U.S. at 256 (although "every question of fact and law" in the case sought to be stayed might not be decided in the other case, "in all likelihood [the other case] will settle many and simplify them all"); *Leyva v. Certified Grocers of California, Ltd.*, 593

---

[2] This stay did not include an already briefed motion to dismiss on a separate issue that the Court stated it would rule on in due course.

F.2d 857, 863-64 (9th Cir. 1979) (stay pending outcome of another case is appropriate even where the other proceedings are not "necessarily controlling of the action" that is stayed).

Courts often stay proceedings pending a ruling on certified questions, even when those questions were certified in another case. *See, e.g.*, *Chaparro v. Ryan*, No. CV1900650PHXDWLMHB, 2019 WL 3290328, at *6 (D. Ariz. July 22, 2019) (staying case pending a response to a question certified to the Arizona Supreme Court); *Howard v. Zimmer, Inc.*, 718 F.3d 1209, 1210 (10th Cir. 2013) (staying appeal pending response to question certified to the Oklahoma Supreme Court); *Lobato v. State of New Mexico Env't Dep't*, No. 09-1203 BB/ACT, 2012 WL 12897384, at *2 (D. N.M. Feb. 15, 2012) (staying case pending response to questions certified to the New Mexico Supreme Court); *Williams v. Metropcs, Wireless, Inc.*, No. 09-22890- CIV, 2010 WL 1645099, at *8 (S.D. Fla. Apr. 21, 2010) (staying case pending Florida Supreme Court's response to certified question from another case).

A stay here would conserve judicial and the parties' resources and promote judicial economy. A stay would prevent any hardship to the parties and waste of judicial resources from proceeding with motion practice on the very issues presented to the Arizona Supreme Court and any similar issues about what is necessary to comply with A.R.S. § 20-259.01. A stay would also prevent hardship to the parties from proceeding with discovery without the potential guidance from the Arizona Supreme Court on the issues on which the discovery should focus. A stay is appropriate because a decision "could materially alter the nature of at least some of Plaintiff's claims." *Head v. Citigroup Inc.*, No. CV-18-08189-PCT-DLR, 2020 WL 6198950, at *1 (D. Ariz. Sept. 22, 2020); *see also Flores-Angeles v. United States*, No. CR-10-00506-PHX-SRB, 2017 WL 562424, at *2 (D. Ariz. Jan. 19, 2017), *report and recommendation adopted*, No. CR-10-00506-PHX-SRB, 2017 WL 553117 (D. Ariz. Feb. 10, 2017) (granting stay

pending U.S. Supreme Court and Ninth Circuit decisions in other cases that could significantly narrow the relevant issues).

The Arizona Supreme Court's decision on the certified questions in *Franklin* plainly will materially impact this Court's assessment of Plaintiff's claims. Plaintiff's entire lawsuit is premised on the theory that LMPIC failed to comply with A.R.S. § 20-259.01(H) because it did not notify them or putative class members in writing, either in the policy or within 30 days after notice of the collision, of the right to select one of supposedly multiple UIM coverages available under their insurance policies, and therefore stacking of these coverages is required. Plaintiff's central liability theory falls squarely within the certified questions. As the *Franklin* Court recognized, a decision by the Arizona Supreme Court on the certified questions could dispose of Plaintiff's entire liability theory, or at least narrow it. *Franklin,* ECF 47 at p. 3 ("the parties disagree entirely on the state law questions proposed for certification, *the resolution of which will be dispositive to the case, and the questions are of significant magnitude*").

A stay will not injure Plaintiff. Delay alone is insufficient harm to justify denial of a stay. *Bishop v. Schriro*, No. CV-08-964-PHX-SMM (JRI), 2009 WL 1749989, at *3 (D. Ariz. June 18, 2009) ("Defendants have not espoused any real damage from a stay, apart from the delay itself."); *Head*, 2020 WL 6198950, at *1 ("Although a stay might delay the receipt of monetary damage should Plaintiff ultimately succeed in this litigation, such a delay does not constitute an irreparable injury.").

LMPIC would be prejudiced without a stay because it must engage in costly and time-consuming motion practice and discovery that could be mooted by the Arizona Supreme Court's ultimate disposition of the certified questions. *See, e.g.*, *Chattanond v. Discover Fin. Servs., LLC*, No. CV-08549, 2016 WL 8202736, at *4 (C.D. Cal. Feb. 26, 2016) ("hardship to Defendant and considerations of judicial economy weigh in favor of a stay. If the case is not stayed, Defendant will suffer hardship in conducting discovery and trial preparation[.]"); *Mackiewicz v. Nationstar Mortg., LLC*, No. 615-CV465, 2015

6

WL 11983233, at *1 (M.D. Fla. Nov. 10, 2015) ("a stay would reduce the burden of litigation on the parties and the Court[.]"). LMPIC should not be forced to undergo costly and potentially unnecessary motion practice and discovery, and this Court should not have to address those motions and other case management issues pending the Arizona Supreme Court's resolution of issues relevant to Plaintiff's foundational theory.

## III.  CONCLUSION

This case was only recently filed and is in its infancy. A stay of proceedings will spare the parties and this Court the expense and burden of proceeding where an answer by the Arizona Supreme Court may moot or change the course of this case and any motions or discovery that may be conducted in it. There is no reason to believe the Arizona Supreme Court will not promptly issue a ruling (it accepted the certified questions less than three months after they were certified).

For all these reasons, LMPIC respectfully requests this Court enter an Order staying this action, including LMPIC's obligation to answer or otherwise respond to the Complaint, pending resolution by the Arizona Supreme Court of the questions certified to it in *Franklin*.

DATED this 17th day of April, 2023.

**Jaburg & Wilk, P.C.**

/s/Ian M. Fischer

Micalann C. Pepe
Ian M. Fischer
Kate A. Myers
3200 N. Central Avenue, 20th Floor
Phoenix, AZ 85012
Attorneys for Defendant Liberty Mutual Personal Insurance Company

JABURG WILK
LAW FIRM

7

***Certificate of Service***

I hereby certify that on the 17th day of April, 2023, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing, and for transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

Brett L. Slavicek
James Fucetola
Justin Henry
THE SLAVICEK LAW FIRM
5500 North 24th Street
Phoenix, Arizona 85016
brett@slaviceklaw.com
james@slaviceklaw.com
justin@slaviceklaw.com
Attorneys for Plaintiff


*/s/Debra Gower*

JABURG WILK
LAW FIRM

8