**Jaburg & Wilk, P.C.**
3200 N. Central Avenue, 20th Floor
Phoenix, AZ 85012
602.248.1000

Micalann C. Pepe (029053)
mcp@jaburgwilk.com
Ian M. Fischer (026239)
imf@jaburgwilk.com
Kate A. Myers (034204)
kam@jaburgwilk.com

Attorneys for Defendant
Liberty Mutual Personal Insurance Company

# UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Crystal Lopez, | Case No. CV-23-00629-PHX-ROS |
| Plaintiff, | **ANSWER** |
| v. | |
| Liberty Mutual Personal Insurance Company, a New Hampshire Corporation, | (Honorable Roslyn O. Silver) |
| Defendant. | |

Defendant Liberty Mutual Personal Insurance Company ("LMPIC") hereby answers Plaintiff Crystal Lopez's Class Action Complaint.

## I.    THE PARTIES

1.    In response to Paragraph 1, LMPIC:

a.    admits it issued an auto insurance policy to Plaintiff, that the policy provided uninsured and underinsured motorist coverage, and that the policy provided insurance coverage for more than one vehicle; and

b.    lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 1 and, therefore, denies them.

2.    LMPIC admits the allegations in Paragraph 2.

23043-23043-00028\\IMF\\IMF\\5666207.1

**II.    NATURE OF THE ACTION**

3.    Paragraph 3 states legal conclusions to which no response is required. To the extent a response is required LMPIC denies the allegations in Paragraph 3.

4.    Paragraph 4 does not make factual allegations for which a response is required, it merely defines a term used in the Complaint. To the extent a response is required, LMPIC denies the allegations in Paragraph 4.

5.    Paragraph 5 does not make factual allegations for which a response is required, it merely defines a term used in the Complaint. To the extent a response is required, LMPIC denies the allegations in Paragraph 5.

6.    Answering Paragraph 6, LMPIC:

a.    avers that the first sentence in Paragraph 6 states a legal conclusion to which no response is required. To the extent the first sentence requires a response, LMPIC denies this sentence and states that each claim is considered based on the applicable policy and the merits of that claim.

b.    in response to the second sentence in Paragraph 6, avers that it responds to insureds' claims based on each claim's merits and denies any contrary allegation; and

c.    avers that the third sentence in Paragraph 6 states a legal conclusion to which no response is required. To the extent the third sentence requires a response, LMPIC denies this sentence and specifically denies that it places its own interests ahead of its insureds' interests.

7.    LMPIC lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 7 and, therefore, denies them.

8.    LMPIC lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 8 and, therefore, denies them.

9.    LMPIC lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 9 and, therefore, denies them.

2

10. LMPIC lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 10 and, therefore, denies them.

11. LMPIC lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 11 and, therefore, denies them.

12. LMPIC admits the allegations in Paragraph 12.

13. LMPIC admits the allegations in Paragraph 13.

14. LMPIC lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 14 and, therefore, denies them.

15. Answering Paragraph 15, LMPIC:

    a. admits it issued an auto insurance policy to Plaintiff, that the policy provided uninsured and underinsured motorist coverage, and that the policy provided insurance coverage for more than one vehicle;

    b. admits the Policy listed a 2012 Dodge Ram, 2003 Toyota Avalon, and 1997 Ford F 150 under "Vehicles Covered by Your Auto Policy" on the Policy's Declarations page; and

    c. denies the remaining allegations.

16. LMPIC denies the allegations in Paragraph 16.

17. LMPIC denies the allegations in Paragraph 17.

18. LMPIC denies the allegations in Paragraph 18.

19. LMPIC admits the allegations in Paragraph 19.

20. LMPIC lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 20 and, therefore, denies them.

21. Answering Paragraph 21, LMPIC:

    a. admits Plaintiff sent LMPIC a demand for underinsured motorist coverage dated January 6, 2021;

    b. avers that the demand said Plaintiff "expected to hear from [LMPIC] within fifteen (15) days of the instant communication"; and

JABURG WILK
LAW FIRM

c.      denies any remaining allegations.

22.    Answering Paragraph 22, LMPIC:

a.      admits it paid Plaintiff $15,000 in settlement of Plaintiff's claims; and

b.      denies any remaining allegations.

23.    LMPIC denies the allegations in Paragraph 23.

24.    LMPIC denies the allegations in Paragraph 24.

25.    Answering Paragraph 25, LMPIC:

a.      admits Paragraph 25 quotes a portion of the Limit of Liability provision for the Underinsured Motorist coverage in the Policy; and

b.      denies that it fully sets for the Limit of Liability provision or that it fully sets forth the parties' respective rights and obligations under the Policy.

26.    Paragraph 26 states legal conclusions to which no response is required. To the extent a response is required LMPIC denies the allegations in Paragraph 26.

27.    Paragraph 27 states legal conclusions to which no response is required. To the extent a response is required LMPIC denies the allegations in Paragraph 27.

28.    LMPIC denies the allegations in Paragraph 28.

29.    Paragraph 29 states legal conclusions to which no response is required. To the extent a response is required LMPIC denies the allegations in Paragraph 29.

30.    Answering Paragraph 30, LMPIC:

a.      admits Paragraph 30 quotes a portion of the Policy; and

b.      denies that it fully sets forth the parties' respective rights and obligations under the Policy.

31.    Paragraph 31 states legal conclusions to which no response is required. To the extent a response is required LMPIC denies the allegations in Paragraph 31.

32.    Paragraph 32 states legal conclusions to which no response is required. To the extent a response is required LMPIC denies the allegations in Paragraph 32.

4

33.    LMPIC denies the allegations in Paragraph 33.

34.    Paragraph 34 states legal conclusions to which no response is required. To the extent a response is required LMPIC denies the allegations in Paragraph 34.

35.    Answering Paragraph 35, LMPIC:

a.    admits it conducts a reasonable investigation into its insureds' claims;

b.    avers decisions regarding the applicability and extent of coverage are made based upon the applicable policy language and merits of each claim; and

c.    denies the remaining allegations.

36.    Answering Paragraph 36, LMPIC:

a.    avers it reasonably handles each claim based upon the applicable policy language and the merits of each claim; and

b.    denies the remaining allegations.

37.    Answering Paragraph 37, LMPIC:

a.    avers it reasonably handles each claim based upon the applicable policy language and the merits of each claim; and

b.    denies the remaining allegations.

38.    Answering Paragraph 38, LMPIC:

a.    avers that the policy documents speak for themselves; and

b.    denies all remaining allegations.

39.    Answering Paragraph 39, LMPIC:

a.    avers that the policy documents speak for themselves; and

b.    denies all remaining allegations.

40.    Answering Paragraph 40, LMPIC:

a.    avers it reasonably handles each claim based upon the applicable policy language and the merits of each claim; and

b.    denies the remaining allegations.

41.     Answering Paragraph 41, LMPIC:

a.     avers it reasonably handles each claim based upon the applicable policy language and the merits of each claim; and

b.     denies the remaining allegations.

42.     LMPIC denies the allegations in Paragraph 42.

43.     LMPIC denies the allegations in Paragraph 43.

44.     LMPIC denies the allegations in Paragraph 44.

45.     LMPIC denies the allegations in Paragraph 45.

46.     LMPIC denies the allegations in Paragraph 46.

47.     LMPIC admits Paragraph 47 states what Plaintiff seeks in this lawsuit but denies she is entitled to what she seeks.

48.     LMPIC admits the allegations in Paragraph 48.

49.     LMPIC admits Plaintiff's contention is stated in Paragraph 49 but denies that this contention is factually or legally correct.

50.     LMPIC denies Paragraph 50 accurately states its position.

51.     LMPIC denies the allegations in Paragraph 51.

52.     LMPIC denies the allegations in Paragraph 52.

53.     LMPIC admits Paragraph 53 states what Plaintiff seeks in this lawsuit but denies she is entitled to what she seeks.

54.     LMPIC denies the allegations of Paragraph 54.

55.     LMPIC denies the allegations of Paragraph 55.

56.     LMPIC denies the allegations of Paragraph 56.

57.     Paragraph 57 states a legal conclusion to which no response is required. To the extent a response is required LMPIC states that Paragraph 57 is an incomplete and sometimes inaccurate statement of Arizona law and, therefore, denies the allegations.

58.     LMPIC denies the allegations in Paragraph 58.

6

59. LMPIC denies the allegations in Paragraph 59.

60. LMPIC denies the allegations in Paragraph 60.

61. LMPIC denies the allegations in Paragraph 61.

62. LMPIC denies the allegations in Paragraph 62.

63. LMPIC denies the allegations in Paragraph 63.

64. LMPIC denies the allegations in Paragraph 64.

65. LMPIC denies the allegations in Paragraph 65.

66. LMPIC denies the allegations in Paragraph 66.

67. LMPIC denies the allegations in Paragraph 67.

68. LMPIC denies the allegations in Paragraph 68.

69. LMPIC denies the allegations in Paragraph 69.

70. LMPIC denies the allegations in Paragraph 70.

71. LMPIC denies the allegations in Paragraph 71.

72. LMPIC denies the allegations in Paragraph 72.

73. LMPIC denies the allegations in Paragraph 73.

74. LMPIC denies the allegations in Paragraph 74.

III.    **JURISDICTION AND VENUE**

75. In response to Paragraph 75, LMPIC does not dispute that jurisdiction and venue are proper in this Court.

76. Paragraph 76 states a legal conclusion to which no response is required. LMPIC does not dispute that jurisdiction and venue are proper in this Court.

77. Paragraph 77 states a legal conclusion to which no response is required. LMPIC does not dispute that jurisdiction and venue are proper in this Court.

78. Paragraph 78 states a legal conclusion to which no response is required. LMPIC does not dispute that jurisdiction and venue are proper in this Court.

79. Paragraph 79 states a legal conclusion to which no response is required. LMPIC does not dispute that jurisdiction and venue are proper in this Court.

JABURG WILK
LAW FIRM

## IV.    CLASS ALLEGATIONS

80.    In response to Paragraph 80, LMPIC admits the Plaintiff purports to allege a class action but deny that class action treatment is appropriate for Plaintiff's claims.

81.    In response to Paragraph 81, LMPIC admits the Plaintiff proposes to represent a class of individuals but denies that class action treatment is appropriate for Plaintiff's claims.

82.    In response to Paragraph 82, LMPIC admits the Plaintiff proposes to represent a class of individuals, as defined in Paragraph 82, but denies that class action treatment is appropriate for Plaintiffs' claims or that any such class is properly, or can be properly, defined.

83.    LMPIC denies the allegations in Paragraph 83.

### A.    Numerosity

84.    Paragraph 84 states legal conclusions to which no response is required. To the extent a response is required LMPIC denies the allegations in Paragraph 84.

85.    Paragraph 85 states legal conclusions to which no response is required. To the extent a response is required LMPIC denies the allegations in Paragraph 85.

86.    LMPIC denies the allegations in Paragraph 86.

### B.    Commonality

87.    Paragraph 87 states legal conclusions to which no response is required. To the extent a response is required LMPIC denies the allegations in Paragraph 87.

88.    LMPIC denies the allegations in Paragraph 88.

89.    LMPIC denies the allegations in Paragraph 89.

### C.    Typicality

90.    Paragraph 90 states legal conclusions to which no response is required. To the extent a response is required LMPIC denies the allegations in Paragraph 90.

91.    LMPIC denies the allegations in Paragraph 91.

92.    LMPIC denies the allegations in Paragraph 92.

JABURG WILK
LAW FIRM

8

**D.    Adequacy**

93.    Paragraph 93 states legal conclusions to which no response is required. To the extent a response is required LMPIC denies the allegations in Paragraph 93.

94.    Paragraph 94 states legal conclusions to which no response is required. To the extent a response is required LMPIC denies the allegations in Paragraph 94.

95.    In response to Paragraph 95, LMPIC states that there is no class and that class action treatment is not appropriate for Plaintiff's claims and denies the allegations inconsistent with this statement. LMPIC lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 95 and, therefore, denies the allegations.

96.    In response to Paragraph 96, LMPIC states that there is no class and that class action treatment is not appropriate for Plaintiff's claims and denies the allegations inconsistent with this statement. LMPIC lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 96 and, therefore, denies the allegations.

97.    In response to Paragraph 97, LMPIC states that there is no class and that class action treatment is not appropriate for Plaintiffs' claims and denies the allegations inconsistent with this statement. LMPIC lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 97 and, therefore, denies the allegations.

98.    In response to Paragraph 98, LMPIC states that there is no class and that class action treatment is not appropriate for Plaintiff's claims and denies the allegations inconsistent with this statement. LMPIC lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 98 and, therefore, denies the allegations.

99.    In response to Paragraph 99, LMPIC states that there is no class and that class action treatment is not appropriate for Plaintiff's claims and denies the allegations

9

inconsistent with this statement. LMPIC lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 99 and, therefore, denies the allegations.

**E.    Rule 23(B)(2)**

100.    Paragraph 100 states legal conclusions to which no response is required. To the extent a response is required LMPIC denies the allegations in Paragraph 100.

101.    Paragraph 101 states legal conclusions to which no response is required. To the extent a response is required LMPIC denies the allegations in Paragraph 101.

102.    LMPIC denies the allegations in Paragraph 102.

103.    Paragraph 103 states legal conclusions to which no response is required. To the extent a response is required LMPIC denies the allegations in Paragraph 103.

104.    LMPIC denies the allegations in Paragraph 104.

105.    Paragraph 105 does not contain any factual allegations that require a response. To the extent a response is required, LMPIC denies the allegations in Paragraph 105.

**F.    Rule 26(B)(3)**

106.    Paragraph 106 states legal conclusions to which no response is required. To the extent a response is required LMPIC denies the allegations in Paragraph 106.

107.    Paragraph 107 states legal conclusions to which no response is required. To the extent a response is required LMPIC denies the allegations in Paragraph 107.

108.    Paragraph 108 states legal conclusions to which no response is required. To the extent a response is required LMPIC denies the allegations in Paragraph 108.

109.    Paragraph 109 states legal conclusions to which no response is required. To the extent a response is required LMPIC denies the allegations in Paragraph 109.

110.    Paragraph 110 states legal conclusions to which no response is required. To the extent a response is required LMPIC denies the allegations in Paragraph 110.

111.    LMPIC denies the allegations in Paragraph 111.

JABURG WILK
LAW FIRM

112. In response to Paragraph 112, LMPIC states that there is no existing class or class members and that class action treatment is not appropriate for Plaintiff's claims and denies the allegations inconsistent with this statement. Paragraph 112 also states a legal conclusion to which no response is required. To the extent a response is required LMPIC denies the allegations in Paragraph 112.

113. LMPIC denies the allegations in Paragraph 113.

114. LMPIC denies the allegations in Paragraph 114.

115. LMPIC denies the allegations in Paragraph 115.

116. Paragraph 116 does not set forth any factual allegations that require a response. To the extent a response is required, LMPIC denies the allegations in Paragraph 116.

117. In response to the unnumbered Paragraph that appears below Paragraph 116 of the Complaint with a header "Rule 26.2 Tier Designation," LMPIC does not dispute Plaintiff's Tier 3 designation.

118. In response to the unnumbered Paragraph that appears below Paragraph 116 and begins with "WHEREFORE" and to each of its subparagraphs numbered 1 through 14, LMPIC denies Plaintiff is entitled to any relief they request.

119. Except those allegations expressly admitted, LMPIC denies any remaining allegations in the Complaint, including as to any headers not expressly addressed.

## DEMAND FOR JURY TRIAL

LMPIC demands a trial by jury on all claims and defenses so triable.

## AFFIRMATIVE DEFENSES

1. The Complaint fails to state a claim upon which relief may be granted.

2. LMPIC did not breach the policy.

3. LMPIC acted reasonably and in good faith.

4. Plaintiff's claims are subject to the Policy and Arizona law.

11

5. The doctrines of unjust enrichment and quantum meruit bar Plaintiff's and some or all putative class members' claims.

6. By virtue of Plaintiff's and some or all of the putative class members' own acts and conduct, Plaintiff and/or putative class members have waived their rights and/or are estopped from asserting their claims.

7. Any damages awarded against LMPIC are subject to an offset of any and all amounts recovered by Plaintiff or any putative class members through any claim(s) and/or lawsuit(s) for which Plaintiff or any putative class members seek recovery from LMPIC.

8. Some or all putative class members lack standing to bring the claims alleged in the Complaint because they have no injury in fact.

9. The pendency of prior filed actions or the individual resolution of claims bars this action in whole or in part.

10. An applicable statute of limitations bars Plaintiff and/or some putative class members' claims.

11. To the extent Plaintiff and/or any putative class member failed to truthfully and completely complete their application for insurance with LMPIC, their claims are barred.

12. Arbitration and award, appraisal, assumption of risk, contributory or comparative negligence, discharge in bankruptcy, duress, failure of consideration, fraud, illegality, laches, license, payment, release, set-off and/or recoupment, statute of frauds, unclean hands, and/or waiver bar Plaintiff's or putative class members' claims.

13. To the extent the evidence in this case reveals, the doctrines of res judicata, collateral estoppel, claim preclusion, or issue preclusion bar Plaintiff's and/or putative class members' claims.

14. To the extent the evidence reveals, the doctrine of Accord and Satisfaction bars Plaintiff's and/or putative class members' claims.

12

15. The doctrine of ratification, including through the renewal of the respective insurance policies, bars Plaintiff and/or putative class members' claims.

16. To the extent the insurance policy at issue in Plaintiff's claim, or any insurance policy at issue in any putative class member's claim, is interpreted to provide more Underinsured Motorists Bodily Injury coverage and/or Uninsured Motorists Bodily Injury coverage than the insured intended to obtain and LMPIC intended to provide, the policy should be reformed to correct the mistake and to provide the limits of coverage the parties to the policy intended. If the policy is not reformed, any coverage beyond the coverage the parties to the policy intended lacks consideration and should not be provided.

17. To the extent Plaintiff individually, or any member of any putative class, failed to mitigate, minimize, or avoid any damage they allegedly sustained, their claims or claimed damages are barred in whole or in part, by such failure.

18. To the extent that improper treatment damaged Plaintiff and members of the putative class, such injuries and damages were the result of negligence, omission, or affirmative conduct of third persons or parties for whose conduct Plaintiff may not hold LMPIC responsible.

19. Plaintiff cannot maintain this suit as a class action because, among other reasons: (1) Plaintiff will not fairly and adequately protect the interests of the putative class; (2) common issues of fact or law do not predominate over questions affecting only individual members; (3) a class action is not an appropriate method for the fair and efficient adjudication of the controversy; (4) Plaintiff cannot satisfy the other requirements of maintaining a class action; (5) class action is not an appropriate or superior method for addressing Plaintiff's claims because individual questions exceed the common questions; (6) aggregation of claims would deny LMPIC due process by depriving LMPIC of its right to discover and present bona fide legal and factual defenses unique to a specific policyholder and transaction, including the defenses of no

damages and those listed in this Answer; and (7) the putative class is not ascertainable and its members are not identifiable.

20. LMPIC opposes class certification and disputes the propriety of class treatment.

21. Plaintiff and putative class members are not entitled to attorneys' fees.

22. The ratio between compensatory damages and the amount of punitive damages may be a factor in assessing the effectiveness of an award. In addition, the difference between the punitive damages awarded and the civil penalty authorized for imposing comparable cases may be considered.

23. In seeking the imposition of punitive damages, LMPIC's basic protection against punishment without notice afforded by the due process clause of the 14th Amendment of the United States Constitution and the Arizona Constitution is violated. LMPIC is entitled to receive notice, not only of the conduct that will subject it to punishment but also the severity of the penalty that the State may impose.

24. An award of punitive damages in this action would violate LMPIC's rights under the due process clause of the 14th Amendment of the United States Constitution and the Arizona Constitution and that a state is prohibited from imposing grossly excessive punishment on tortfeasors. To that extent, the degree of reprehensibility of LMPIC's conduct, if any, must be considered when determining whether punishment is excessive. An imposition of damages must not be grossly out of proportion to the severity of the offense, if any offense is established.

25. Under A.R.S. § 12-341.01, LMPIC is entitled to recover reasonable attorney fees because it did not breach the Policy, did not breach the implied covenant of good faith and fair dealing, and this matter arises from a contract, the Policy.

26. Disclosure and discovery may reveal acts which support other affirmative defenses.

14

27.    Accordingly, LMPIC incorporates all affirmative defenses set forth in FRCP 8.

WHEREFORE, LMPIC prays for judgment as follows:

    a.  That the Court deny any request to certify this as a class action;

    b.  That Plaintiff take nothing against LMPIC by this Complaint;

    c.  That LMPIC be awarded its attorneys' fees under A.R.S. § 12-341.01;

    d.  That LMPIC be awarded its taxable costs; and

    e.  For such other and further relief as the Court deems just and proper.

DATED this 30th day of August, 2023.

**Jaburg & Wilk, P.C.**

/s/Ian M. Fischer
Micalann C. Pepe
Ian M. Fischer
Kate A. Myers
3200 N. Central Avenue, 20th Floor
Phoenix, AZ 85012
Attorneys for Defendant Liberty Mutual Personal
Insurance Company

*Certificate of Service*

I hereby certify that on the 30th day of August, 2023, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing, and for transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

Brett L. Slavicek
James Fucetola
Justin Henry
THE SLAVICEK LAW FIRM
5500 North 24th Street
Phoenix, Arizona 85016
brett@slaviceklaw.com
james@slaviceklaw.com
justin@slaviceklaw.com
Attorneys for Plaintiff

/s/Debra Gower

15