Brett L. Slavicek (No. 019306)
James Fucetola (No. 029332)
Justin Henry (No. 027711)
**THE SLAVICEK LAW FIRM**
5500 North 24th Street
Phoenix, Arizona 85016
Telephone: (602) 285-4435
Fax: (602) 287-9184
Email: brett@slaviceklaw.com
        james@slaviceklaw.com
        justin@slaviceklaw.com

*Attorney for Plaintiffs*

## UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Crystal Lopez, | Case No. 2:23-cv-00629-PHX-ROS |
| Plaintiff, | |
| vs. | **JOINT CASE MANAGEMENT REPORT** |
| Liberty Mutual Personal Insurance Company, a New Hampshire corporation, | |
| Defendant. | |

Pursuant to Rule 16 of the Federal Rules of Civil Procedure and the Court's August 31, 2023 Order Setting Rule 16 Case Management Conference (Dkt. #11), counsel for the parties have conferred and hereby set forth their Joint Case Management Report.

1.     **PARTIES OR COUNSEL WHO ATTENDED 26(F) MEETING**

Justin Henry on behalf of Crystal Lopez.

Ian Fischer on behalf of Liberty Mutual Personal Insurance Company.

1

23043-23043-00028\\IMF\\IMF\\5689041.1

2.    **PARTIES**

Crystal Lopez

Liberty Mutual Personal Insurance Company ("LMPIC")

- Liberty Mutual Group, Inc. owns 100% of the stock of LMPIC.

- LMHC Massachusetts Holdings Inc. owns 100% of the stock of Liberty Mutual Group, Inc.

- Liberty Mutual Holding Company Inc. owns 100% of the stock of LMHC Massachusetts Holdings Inc.

3.    **NATURE OF THE CASE:**

On November 11, 2020, Crystal Lopez was injured when she was involved in a collision with non-party Patricia Miller.  Crystal claims that Ms. Miller was solely at fault for causing the collision.

At the time of the collision, Ms. Miller held a policy with GEICO providing bodily injury liability coverage in the amount of $25,000.  GEICO paid its available policy limits to resolve Crystal's claim against Ms. Miller.  Ms. Miller did not have any other available insurance, and her vehicle was, therefore, underinsured.

Crystal filed a claim for underinsured motorist ("UIM") benefits under a policy issued by LMPIC.  Crystal alleges she is an "insured" under the policy, which covered three vehicles and provided $15,000 per person, per vehicle in UIM benefit limits.  On January 6, 2021, Crystal provided LMPIC with written notice of her intent to pursue a

2

claim against the UIM benefits available under her policy. LMPIC ultimately paid Crystal $15,000 in UIM benefits.

Crystal alleges she is permitted to recover Stacked UIM coverage on the LMPIC policy (*i.e.*, up to UIM limits for each insured vehicle). LMPIC alleges Crystal is not permitted to recover stacked UIM coverage on the policy and is instead limited to the UIM benefits she was already paid.

Crystal viewed LMPIC's position as a denial of her claim and filed this putative class action. Crystal claims LMPIC breached the insurance policy and the implied covenant of good faith and fair dealing by refusing to pay her "stacked" benefits as well as the manner in which LMPIC handled her claim including, but not limited to, its alleged failure to advise her of the potential availability of additional coverage on the policy. Crystal also seeks a declaratory judgment that she is entitled to "stacked" benefits. LMPIC denies it has any liability to Plaintiff and intends to fully defend itself in this case.

Crystal seeks class certification of all claims in this action. It is anticipated there will be contested issues related to whether a class action is appropriate, including challenges to numerosity, typicality, commonality, adequacy, predominance and superiority. The parties also dispute, if a class is certified, the appropriate definition of the proposed classes.

Crystal believes her claim for declaratory relief is purely legal. Crystal contends the LMPIC policy provides stacked uninsured and underinsured motorist coverage because LMPIC failed to comply with A.R.S. § 20-259.01(H) to preclude stacking.

23043-23043-00028\\IMF\\IMF\\5689041.1

LMPIC disputes that the declaratory relief claim is purely legal and that stacked coverage is available under the policy.

Finally, the breach of contract and bad faith claims will focus on the underlying merits of the uninsured and/or underinsured motorist claims including factual and legal issues related to duty, breach, causation and damages.

## 4.   __JURISDICTION__

Jurisdiction is proper under the Class Action Fairness Act.  *See* 28 U.S.C. § 1332(d). Crystal Lopez is a citizen of the State of Arizona.  LMPIC is a citizen of Massachusetts with its principal place of business in Massachusetts.  As such, there is minimal diversity between at least two of the parties.  *See* 28 U.S.C. § 1332(d)(2)(A).

The putative class is alleged to exceed 100 members and the amount in controversy is allegedly more than $5,000,000.  *See* Notice of Removal (Dkt. #1) at pp. 3-5. Accordingly, the amount in controversy requirement is satisfied.  *See* 28 U.S.C. § 1332(d)(2).

## 5.   __SERVICE OF PARTIES__

All parties have been properly served and have filed a responsive pleading.

## 6.   __ADDITIONAL PARTIES OR AMENDMENT OF PLEADINGS__

At this time, the parties do not anticipate adding any additional parties or amending the pleadings.

4

7. **CONTEMPLATED MOTIONS**

Crystal anticipates filing a Motion for Class Certification. The issue to be decided will be whether class certification is appropriate. LMPIC will oppose the motion.

Crystal anticipates filing a Motion for Summary Judgment on the declaratory judgment claim, *i.e.*, the coverage dispute regarding whether stacking uninsured and/or underinsured motorist coverage is permitted on LMPIC's policies. LMPIC will oppose the motion.

The parties may file motions under Federal Rules of Evidence 702 through 705.

LMPIC may file a summary judgment motion on the coverage issue, which Crystal will oppose.

8. **REFERRAL TO MAGISTRATE JUDGE:**

The parties do not believe this case is appropriate for referral to a Magistrate Judge for settlement or trial.

9. **PENDING RELATED CASES:**

Crystal contends every putative class action filed in this District that raises UM or UIM stacking issues is a related case. LMPIC disagrees as those cases are different cases, involving different parties. LMPIC does not believe there are any related cases. Crystal lists the following related cases:

///

///

5

a.    *Franklin v. CSAA General Insurance Company*, U.S. District Court, Arizona, 22-CV-00540-JJT

Judge Tuchi recently lifted the stay after the Arizona Supreme Court issued its decision in *Franklin v. CSAA General Insurance Company*, Arizona Supreme Court, CV-22-0266-CQ.

The Court entered an amended scheduling order on August 24, 2023.

b.    *Doyle v. Pekin Insurance Company*, U.S. District Court, Arizona, 22-CV-00638-JJT

Judge Tuchi recently lifted the stay after the Arizona Supreme Court issued its decision in *Franklin v. CSAA General Insurance Company*, Arizona Supreme Court, CV-22-0266-CQ.

The Court entered a scheduling order on August 24, 2023.

c.    *Miller v. Trumbull Insurance Company*, U.S. District Court, Arizona, 22-CV-00540-JJT

Judge Tuchi recently lifted the stay after the Arizona Supreme Court issued its decision in *Franklin v. CSAA General Insurance Company*, Arizona Supreme Court, CV-22-0266-CQ.

The parties stipulated to extend the responsive pleading deadline to allow time for the parties to engage in settlement discussions regarding a potential settlement class that could be certified by the Court.  The Court granted the stipulation and extended responsive

23043-23043-00028\\IMF\\IMF\\5689041.1

pleading deadlines until October 5, 2023.  A Joint Status Report is due on September 28, 2023.

d.    *Bode v. Travelers Property Casualty Insurance Company*, U.S. District Court, Arizona, 22-CV-01847-DWL

Judge Lanza recently lifted the stay after the Arizona Supreme Court issued its decision in *Franklin v. CSAA General Insurance Company*, Arizona Supreme Court, CV-22-0266-CQ.

The parties submitted their Joint Case Management Report, but the Court has not issued a Case Management Order.

e.    *Creasman v. Farmers Casualty Insurance Company*, U.S. District Court, Arizona, 22-CV-01820-PHX-DJH

Judge Humetewa dismissed the breach of contract claim with prejudice on statute of limitations grounds.  Judge Humetewa dismissed the bad faith claims without prejudice and granted the plaintiff leave to refile the bad faith claims with additional factual allegations to support the claim.  The plaintiff filed a Second Amended Complaint and Farmers filed an Answer.

The Court issued a Case Management Order on September 20, 2023.

///

///

7

f.      *Hacker v. American Family Mutual Insurance Company, S.I.*, U.S. District Court, Arizona, 22-CV-01936-PHX-DLR

Judge Rayes recently lifted the stay after the Arizona Supreme Court issued its decision in *Franklin v. CSAA General Insurance Company*, Arizona Supreme Court, CV-22-0266-CQ.

The Court entered a Case Management Order on September 8, 2023.

g.      *Dale v. Travelers Property Casualty Insurance Company*, U.S. District Court, Arizona, 22-CV-01659-SPL

Judge Logan recently lifted the stay after the Arizona Supreme Court issued its decision in *Franklin v. CSAA General Insurance Company*, Arizona Supreme Court, CV-22-0266-CQ.

Travelers filed an Answer on August 21, 2023.  A Case Management Conference has not been set.

h.      *Caballero v. Economy Preferred Insurance Company, et al.*, U.S. District Court, Arizona, 22-CV-02023-MTL

Judge Liburdi recently lifted the stay after the Arizona Supreme Court issued its decision in *Franklin v. CSAA General Insurance Company*, Arizona Supreme Court, CV-22-0266-CQ.

The Court entered a Scheduling Order on August 22, 2023.

23043-23043-00028\\IMF\\IMF\\5689041.1

i.      *Muehlhausen v. Allstate Fire and Casualty Insurance Company*, U.S. District Court, 22-CV-01747-JAT

Judge Teilborg recently lifted the stay after the Arizona Supreme Court issued its decision in *Franklin v. CSAA General Insurance Company*, Arizona Supreme Court, CV-22-0266-CQ.

A Case Management Conference is scheduled for September 21, 2023.  The parties filed a Joint Case Management Report on September 11, 2023.

j.      *Whitehead v. Amica Mutual Insurance Company*, U.S. District Court, Arizona, 22-CV-01978-DJH

Judge Humetewa recently lifted the stay after the Arizona Supreme Court issued its decision in *Franklin v. CSAA General Insurance Company*, Arizona Supreme Court, CV-22-0266-CQ.

The parties stipulated to extend all case management deadlines to allow time for the parties to engage in settlement discussions regarding a potential settlement class that could be certified by the Court.  The Court granted the stipulation.  A Joint Status Report is due on October 31, 2023, and every forty-five (45) days thereafter.

k.      *Dorazio v. Allstate Fire and Casualty Insurance Company*, U.S. District Court, Arizona, 23-CV-00017-JJT

Judge Tuchi recently lifted the stay after the Arizona Supreme Court issued its decision in *Franklin v. CSAA General Insurance Company*, Arizona Supreme Court, CV-22-0266-CQ.

23043-23043-00028\\IMF\\IMF\\5689041.1

A Case Management Conference is scheduled for October 19, 2023. The Joint Case Management Report is due on October 12, 2023.

l.      *Loughran v. MIC General Insurance Corporation*, U.S. District Court, Arizona, 23-CV-00108-DJH

Judge Humetewa recently lifted the stay after the Arizona Supreme Court issued its decision in *Franklin v. CSAA General Insurance Company*, Arizona Supreme Court, CV-22-0266-CQ.

A Case Management Conference is scheduled for October 2, 2023. The Joint Case Management Report is due on September 25, 2023.

m.      *Moshier v. Safeco Insurance Company of America*, U.S. District Court, Arizona, 23-CV-00225-DLR

Judge Rayes recently lifted the stay after the Arizona Supreme Court issued its decision in *Franklin v. CSAA General Insurance Company*, Arizona Supreme Court, CV-22-0266-CQ.

A Case Management Conference is scheduled for November 9, 2023. The Joint Case Management Report is due on November 2, 2023.

n.      *Haenfler v. Safeco Insurance Company of America*, U.S. District Court, Arizona, 23-CV-00822-ROS

This Court recently lifted the stay after the Arizona Supreme Court issued its decision in *Franklin v. CSAA General Insurance Company*, Arizona Supreme Court, CV-22-0266-CQ.

10

A Case Management Conference is scheduled for October 10, 2023.  The Joint Case Management Report is due on September 22, 2023.

10.    **DISCLOSURE OF ELECTRONICALLY STORED INFORMATION:**

Pursuant to Fed. R. Civ. P. 26(f)(3), the parties have conferred regarding the disclosure and discovery of electronically stored information.  The parties agree to negotiate an ESI protocol.  The parties do not expect any conflicts.

The parties have agreed to exchange electronically stored documents in printed, hard copy form or paper equivalent (such as PDF format on a CD-Rom or DVD).

The parties further agree that additional electronically stored information may be requested, such as the production of metadata or the production in native electronic form if (1) the authenticity of the document is an issue; (2) the creation or modification date of a document is an issue; or (3) another justifiable reason exists.

11.    **PRIVILEGE ISSUES:**

The parties do not anticipate any issues with respect to claims of privilege and/or work product.  To the extent any privilege issues arise, the parties are aware of this Court's method for resolving discovery disputes.

12.    **FEDERAL RULE OF EVIDENCE 502(D)**

The parties do not believe an order pursuant to Rule 502(d) of the Federal Rules of Evidence is necessary.

23043-23043-00028\\IMF\\IMF\\5689041.1

13.    **ANTICIPATED DISCOVERY:**

Crystal proposes conducting discovery in phases.  The first phase should focus on class certification issues.  After the Court rules on the Motion for Class Certification, the second phase should focus on the individual bad faith and breach of contract claims.  LMPIC agrees to phasing of discovery, beginning with a focus on class certification issues, and proposes that the parties meet and confer after the Court rules on the Motion for Class Certification to discuss what, if any, discovery remains necessary at that time, and a schedule to complete the same.

a.    The extent, nature and location of discovery anticipated.

Crystal anticipates conducting discovery related to class certification including, but not limited to, written discovery regarding numerosity, typicality, commonality and adequacy.  Crystal further anticipates written discovery regarding LMPIC's claims handling practice including, but not limited to, LMPIC's coverage investigations related to the availability of stacked uninsured and/or underinsured motorist coverage, and how LMPIC responded to, and paid, prior stacking demands.  Crystal also anticipates written discovery regarding the individual merits of class members' uninsured and underinsured motorist claims to the extent they inform class certification issues.

Crystal anticipates taking the depositions of LMPIC's claims adjusters handling individual uninsured and underinsured motorist claims for the class members, 30(b)(6) depositions of LMPIC, and any experts and fact witnesses disclosed by the parties.

23043-23043-00028\\IMF\\IMF\\5689041.1

LMPIC anticipates discovery regarding Crystal's insurance claim, including the extent of her injuries and her communications with LMPIC, and whether she is an adequate class representative and her claims are typical of the putative class, and other issues bearing on class certification. LMPIC reserves the right to object to some of the discovery Crystal has outlined above.

        b.       <u>Changes to the Federal Rules of Civil Procedure discovery limitations.</u>

For the first phase of discovery, the parties believe the discovery limitations imposed by the Federal Rules of Civil Procedure will suffice.  The parties will revisit this issue if a class is certified and the case proceeds to a second phase.

        c.       <u>Number of hours permitted for each deposition.</u>

The parties agree to limit depositions to 7 hours per deponent.  The parties do not believe setting a limit on total number of deposition hours is appropriate.

14.    **<u>PROPOSED DISCOVERY DEADLINES:</u>**

        a.       <u>Deadline for the completion of discovery.</u>

The parties propose completing class certification discovery no later than **December 31, 2024**.  The parties further propose that they meet and confer after the Court rules on the Motion for Class Certification to confer about what, if any, additional merits discovery remains necessary (including if any additional expert disclosures are necessary) and a schedule to complete the same.

13

b.      Deadline for expert disclosures.

The parties propose disclosing class certification expert reports no later than **August 30, 2024 for Plaintiff and October 11, 2024 for LMPIC, with any rebuttal class certification expert report due November 15, 2024.**

c.      Deadline for completion of expert depositions.

The parties propose completing class certification expert depositions **no later than December 31, 2024**.

d.      Deadline for filing dispositive motions.

The parties further propose a deadline for filing for class certification no later than **January 31, 2025**.  LMPIC shall file a Response to any Motion for Class Certification no later than **March 7, 2025**.  Crystal shall file a Reply in support of the Motion for Class Certification no later than **April 11, 2025**.

The parties propose setting a deadline for filing dispositive motions after this Court rules on the Motion for Class Certification.

e.      A date by which the parties shall have engaged in face-to-face good faith settlement talks.

The parties request that the court defer the requirement that they participate in good faith settlement talks until after the Court decides the Motion for Class Certification.

15.     **JURY TRIAL:**

Crystal requests a jury trial on all issues so triable.  LMPIC does not object to her request.

23043-23043-00028\\IMF\\IMF\\5689041.1

16.    **PROSPECTS FOR SETTLEMENT**

At this time, the parties do not believe the Court's assistance is necessary to facilitate settlement discussions. If appropriate, the parties agree to engage in private mediation.

17.    **ANY OTHER MATTERS:**

None.

DATED this 22nd day of September, 2023.

**THE SLAVICEK LAW FIRM**

*/s/ Justin Henry*
Brett L. Slavicek
Justin Henry
*Attorneys for Plaintiff*

**JABURG & WILK, PC**

*/s/ Ian Fischer (with permission)*
Ian M. Fischer
Micalann C. Pepe
Kate A. Meyers
*Attorneys for Defendant*

15

## CERTIFICATE OF SERVICE

I hereby certify that on this 22nd day of September, 2023, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing, and for transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

Ian M. Fischer
Micalann C. Pepe
Kate A. Meyers
**JABURG & WILK, PC**
3200 North Central Avenue, 20th Floor
Phoenix, Arizona 85012
*Attorneys for Defendant*

*/s/ Natalie Newell*

16