## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Crystal Lopez,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>Liberty Mutual Personal Insurance Company,<br><br>　　　　　Defendant. | No. CV-23-00629-PHX-DLR<br><br>**STIPULATED PROTECTIVE ORDER** |

The Court having reviewed the parties' Stipulation to Enter Protective Order (Doc. 40), and good cause appearing;

**IT IS ORDERED** that, pursuant to the parties' stipulation, the Court issues this Protective Order as follows:

WHEREAS, the parties to the above-captioned action (the "Litigation") are engaged in discovery proceedings, which include, among other things, taking depositions and producing documents; and

WHEREAS, those discovery proceedings will necessarily involve the production of certain information that a party to the Litigation (the "Parties," each a "Party") may believe to be confidential;

**IT IS HEREBY STIPULATED AND AGREED** by and between the Parties, through their undersigned counsel, and **ORDERED**, pursuant to Federal Rule of Civil Procedure 26(c), that this Stipulated Protective Order (the "Order") will govern the handling of documents, deposition testimony, deposition exhibits, deposition transcripts,

written discovery requests, interrogatory responses, responses to requests to admit, and responses to requests for documents, and any other information or material produced, given, or exchanged, including any information contained therein or derived therefrom ("Discovery Material") by or among any Party or non-Party providing Discovery Material (each a "Producing Party") in this Litigation.

**1.     Confidential and Highly Confidential Material**

1.1.    Any Producing Party may designate any Discovery Material as "Confidential" under the terms of this Order if such Producing Party reasonably believes in good faith that such Discovery Material includes or contains (1) information that the Designating Party reasonably believes constitutes a trade secret under applicable statutory and caselaw; (2) information that the Designating Party reasonably believes constitutes sensitive technical or proprietary business information that, if disclosed, may result in an unfair competitive, financial, or commercial advantage to others or disadvantage to the Designating Party; (3) Protected Health Information, as defined herein; (4) personal identifying information, personal data, sensitive personal data, or other data the Designating Party believes in good faith to be subject to federal, state, or foreign Data Protection Laws; or (5) any other sensitive information or tangible things (regardless of how they are generated, stored or maintained) that requires protection under Federal Rule of Civil Procedure 26(c). ("Confidential Material"). Nothing in this Protective Order shall be construed to limit the definition of Confidential as it is defined by Federal Rule of Civil Procedure 26(c) and applicable caselaw.

1.2.    Any Producing Party may designate any Discovery Material as "Highly Confidential – Attorneys' Eyes Only Information" under the terms of this Order if such Producing Party reasonably believes in good faith that such Discovery Material shall include information of a highly sensitive nature that, if disclosed, might be of significant value to an actual or potential competitor or might otherwise cause serious commercial harm to a Party.

**2.      Scope**

2.1.     The protections conferred by this Order cover not only Confidential and Highly Confidential Material (as defined above), but also (1) any information copied or extracted from Confidential or Highly Confidential Material; (2) all copies, excerpts, summaries, or compilations of Confidential or Highly Confidential Material; and (3) any testimony, conversations, or presentations by Parties or their counsel that might reveal Confidential or Highly Confidential Material.

2.2.     The protections conferred by this Order do not cover information that (1) is in the public domain or becomes part of the public domain through trial, dispositive motion hearing, or otherwise, provided such prior disclosure or public availability is not the result of a violation of this Order or (2) the Receiving Party lawfully receives from a third party, who had a lawful right to possess and disclose the information, without restriction as to disclosure. This provision creates no duty on the part of a Receiving Party to investigate the lawfulness of a third-party's possession of documents or information.

2.3.     This Order has no effect upon, and shall not apply to, a Producing Party's use or disclosure of its own Discovery Material for any purpose. Nothing herein shall: (i) prevent a Producing Party from using or disclosing its own Discovery Material in any manner; or (ii) impose any restrictions on the use or disclosure by a person of documents, materials, or information designated as Confidential or Highly Confidential Material obtained lawfully by such person independently of the discovery proceedings in this Litigation, and not otherwise subject to confidentiality restrictions.

2.4.     The production of any designated Confidential or Highly Confidential Discovery Material Discovery Material by any non-Party shall be subject to and governed by the terms of this Order. Any Party issuing a subpoena to a non-Party shall enclose a copy of this Order and notify the non-Party that the protections of this Order are available to such non-Party.

2.5.     In the event additional Parties join or are joined in this Litigation, they shall not have access to Confidential or Highly Confidential Material until the newly joined

Party by its counsel has executed and filed with the Court its agreement to be fully bound by this Order.

**3.      Designating Protected Material**

3.1.    Manner and Timing of Designations. Except as otherwise provided in this agreement (*see, e.g.*, sections 3.1.2 and 3.3 below), or as otherwise stipulated or ordered, Discovery Material that qualifies for protection under this agreement must be clearly so designated before or when the material is disclosed or produced. The designation of Discovery Material as Confidential or Highly Confidential Material shall be made in the following manner:

3.1.1.    Information in documentary form (*e.g.*, paper or electronic documents and deposition exhibits, but excluding transcripts of depositions or other pretrial or trial proceedings): (i) by affixing the legend "Confidential" or "Highly Confidential" to each page containing any Confidential or Highly Confidential Discovery Material; or (ii) in the case of electronically stored information produced in native format, by including "Confidential" or "Highly Confidential" in the file or directory name, or by affixing the legend "Confidential" or "Highly Confidential" to the media containing the Discovery Material (*e.g.*, CD-ROM, floppy disk, DVD, thumb drive).

3.1.2.    Testimony given in deposition or in other pretrial proceedings: the party that wishes to designate deposition testimony as Confidential or Highly Confidential must identify on the record, before the close of the deposition, hearing, or other proceeding, that a portion of the testimony may be designated as Confidential or Highly Confidential. The designating Party then has 45 days following receipt of the final transcript to identify the specific portions of the testimony as to which protection is sought. Only those portions of the testimony that are appropriately designated for protection within the 45 days shall be covered by the provisions of this Order. During that 45-day period, the entire deposition transcript shall be treated as Highly Confidential. Pages of transcribed deposition testimony or exhibits to depositions that are designated

- 4 -

Confidential or Highly Confidential must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Order.

3.1.3.    Other tangible items: by affixing in a prominent place on the exterior of the container or containers in which the information or item is stored the word "Confidential" or "Highly Confidential." If only a portion or portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portion(s).

3.2.    Good Faith in Designating Confidential or Highly Confidential Material. The designation of Discovery Material as Confidential or Highly Confidential Material shall constitute a representation that such Discovery Material has been reviewed by an attorney representing the Party making the designation, and that there is a good faith basis for such designation.

3.3.    Inadvertent Failure to Designate. Inadvertent failure to designate Discovery Material as Confidential or Highly Confidential Material shall not, standing alone, constitute a waiver of the Producing Party's right to secure protection under this agreement for such material. The Receiving Party shall not be held liable for any injury arising from the disclosure of  Discovery Material if at the time of the disclosure (1) the Discovery Material was not marked Confidential or Highly Confidential and (2) the Producing Party had not given notice that the subject Discovery Material should have been designated Confidential or Highly Confidential; provided that, the Receiving Party is not exempt from liability if it does not follow the procedures set forth in Section 3.3.2.2 after receiving notice from the Producing Party.

3.3.1.    A Producing Party may designate as Confidential or Highly Confidential any Discovery Material that the Producing Party inadvertently failed to designate as Confidential or Highly Confidential by notifying in writing the Party to whom the production has been made (the "Receiving Party") that the Discovery Material constitutes Confidential or Highly Confidential Material.

3.3.2.     Upon receiving such notice, the Receiving Party shall treat the Discovery Material so designated as Confidential or Highly Confidential Material. Within 14 days of providing notice of such inadvertent failure to designate, the Producing Party shall reproduce the Confidential Discovery Material properly designated in accordance with Paragraphs 3.1-3.1.3 of this Order, and such Discovery Material shall be fully subject to this Order from the date of such supplemental notice forward.

3.3.2.1.     The Receiving Party, upon receipt of such notice shall make a reasonable, good-faith effort to ensure that any analyses, memoranda, notes, or other such materials generated based upon such newly designated information are immediately treated as containing Confidential or Highly Confidential Material.

3.3.2.2.     In addition, upon receiving such supplemental written notice, any Receiving Party that disclosed the Discovery Material prior to its designation as "Confidential" or "Highly Confidential" shall exercise its best efforts (i) to ensure the return or destruction of such Discovery Material, (ii) to ensure that any documents or other materials derived from such Discovery Material are treated as if the Discovery Material had been designated as "Confidential" or "Highly Confidential" when originally produced, (iii) to ensure that such Discovery Material is not further disclosed except in accordance with the terms of this Order, and (iv) to ensure that any such Discovery Material, and any information derived therefrom, is used solely for the purposes described in Paragraph 4.1.1 of this Order.

3.3.2.3.     Within 14 days of receipt of the replacement production set, each Receiving Party shall destroy the original production that bears the applicable Bates numbers.

3.3.3.     Notwithstanding the foregoing, nothing in Paragraph 3.3 or the subparagraphs thereunder shall require any Party to violate its document retention policies as far as maintaining documents in their files. Further, nothing in Paragraph 3.3, or the subparagraphs thereunder, shall require any Party to access its cloud storage that is not reasonably accessible for purposes of destroying Protected Materials backed up onto those

databases. Any material that is retained pursuant to this subparagraph shall be treated as Confidential or Highly Confidential in accordance with this Order and any supplemental designation made under Paragraph 3.3 or otherwise.

**4.      Access to and Use of Confidential Material**

4.1.    <u>Basic Principles</u>.

4.1.1.     A Receiving Party may use Confidential or Highly Confidential Material that is disclosed or produced by another Party or by a non-Party in connection with this case only for prosecuting, defending, or attempting to settle this Litigation and shall not use it for any other purpose, including, without limitation, any business or commercial purpose or other litigations or proceeding, except (1) whereby the Parties have agreed in writing that sharing such materials is appropriate, or (2) where the Receiving Party has successfully obtained relief from this Order by the Court. However, the foregoing shall not apply to Discovery Material that is or becomes part of the public record, provided such prior disclosure or public availability is not the result of a violation of this Order.

4.1.2.     Every person to whom Confidential or Highly Confidential Material is disclosed, summarized, described, characterized, or otherwise communicated or made available, in whole or in part, shall be advised that the information is being disclosed pursuant and subject to the terms of this Order and may not be disclosed or used for purposes other than those permitted hereunder. Each such person shall maintain the Confidential or Highly Confidential Material, or information derived therefrom, in a manner reasonably calculated to prevent unauthorized disclosure.

4.1.3.     The Parties shall be allowed to apply, pursuant to Federal Rule of Civil Procedure 26(c), upon short notice, for an order seeking additional safeguards with respect to the use and handling of Discovery Material or to modify the terms of this Order.

4.2.    <u>Categories of Persons to Whom Confidential Material May Be Disclosed</u>. Unless otherwise ordered by the court or permitted in writing by the Producing Party, a Receiving Party may disclose, summarize, describe, characterize, or otherwise

communicate or make available Confidential Material, in whole or in part, only to the following persons:

4.2.1.    The directors, officers, employees (including in-house counsel), general partners, and limited partners of the Receiving Party or of any subsidiary or affiliate thereof, to whom disclosure is reasonably necessary for the purpose of assisting in the prosecution or defense of the Litigation;

4.2.2.    The Receiving Party's counsel of record in this Litigation, and the partners, associates, paralegals, secretaries, clerical, regular and temporary employees, and service vendors of such counsel (including outside copying and litigation support services) to whom it is reasonably necessary to disclose the information for the purpose of assisting in the prosecution or defense of the Litigation;

4.2.3.    Subject to Paragraph 4.5, experts and consultants (including their partners, employees, and service vendors) to whom disclosure is reasonably necessary for such expert or consultant to prepare a written opinion, prepare to testify, or assist counsel in this Litigation, and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

4.2.4.    Witnesses or deponents, and their counsel to whom disclosure is reasonably necessary to conduct or prepare for depositions or testimony in this Litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

4.2.5.    Any person shown on the face of the document or accompanying cover letter, email, or other communication to be the author, addressee, or an actual or intended recipient of the document or person who otherwise possessed or knew the information contained therein;

4.2.6.    Subject to Section 6, to any person as necessary to comply with a court order, regulatory audit, request from reinsurers, or as otherwise required by state or federal law or regulation, including reporting of information to a regulator or government entity as permitted and/or required by applicable state or federal law or regulation;

4.2.7.    The Court, persons employed by the Court, and court reporters transcribing any hearing, trial, or deposition in this Litigation or any appeal therefrom;

4.2.8.    Copy or imaging services retained by counsel to assist in the duplication of Confidential Material, provided that counsel for the Party retaining the copy or imaging service instructs the service not to disclose any Confidential Material to third parties and to immediately return all originals and copies of any Confidential Material;

4.2.9.    Mediators and/or Special Masters who may serve in this Litigation;

4.2.10.    Jurors; and

4.2.11.    Professional jury or trial consultants, mock jurors, copying services, trial technology and other professional vendors to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A).

4.3.    <u>Categories of Persons to Whom Highly Confidential Material May Be Disclosed</u>. Unless otherwise ordered by the court or permitted in writing by the Producing Party, a Receiving Party may disclose, summarize, describe, characterize, or otherwise communicate or make available Highly Confidential Material, in whole or in part, only to the following persons:

4.3.1.    The Receiving Party's outside counsel of record in this Litigation, and the partners, associates, paralegals, secretaries, clerical, regular and temporary employees, and service vendors of such counsel (including outside copying and litigation support services) to whom it is reasonably necessary to disclose the information for the purpose of assisting in the prosecution or defense of the Litigation;

4.3.2.    Subject to Paragraph 4.5, experts and consultants (including their partners, employees, and service vendors) to whom disclosure is reasonably necessary for such expert or consultant to prepare a written opinion, prepare to testify, or assist counsel in this Litigation, and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

4.3.3.     Witnesses or deponents, and their outside counsel to whom disclosure is reasonably necessary to conduct or prepare for depositions or testimony in this Litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

4.3.4.     Any person shown on the face of the document to have authored or received the Highly Confidential Material or person who otherwise possessed or knew the information contained therein;

4.3.5.     Subject to Section 6, to any person as necessary to comply with a court order, regulatory audit, request from reinsurers, or as otherwise required by state or federal law or regulation, including reporting of information to a regulator or government entity as permitted and/or required by applicable state or federal law or regulation;

4.3.6.     The Court, persons employed by the Court, and court reporters transcribing any hearing, trial, or deposition in this Litigation or any appeal therefrom;

4.3.7.     Copy or imaging services retained by counsel to assist in the duplication of Highly Confidential Material, provided that counsel for the Party retaining the copy or imaging service instructs the service not to disclose any Highly Confidential Material to third parties and to immediately return all originals and copies of any Highly Confidential Material;

4.3.8.     Mediators and/or Special Masters who may serve in this Litigation;

4.3.9.     Jurors; and

4.3.10.     Professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A).

4.4.     Exclusion of Persons to Whom Disclosure Not Permitted. To the extent that testimony is sought concerning Confidential or Highly Confidential Material during any deposition or in any other pre-trial venue, any Party may exclude any person from the deposition or other venue during such testimony if the Confidential or Highly Confidential Material may not be disclosed to such person under the terms of this Order.

4.5.    Specific Provisions Regarding Disclosure of Confidential Material to Experts or Consultants. Notwithstanding Paragraphs 4.2.3 and 4.3.2 above, Confidential and Highly Confidential Material may be provided to persons listed therein only to the extent that such expert or consultant (i) is not currently an employee or contractor of any competitor of the Producing Party, as far as the expert or consultant can reasonably determine, (ii) is using said Discovery Material solely in connection with this Litigation and (iii) signs the "Acknowledgment and Agreement to Be Bound" (Exhibit A). "Competitors" are persons or entities endeavoring to engage in the sale of automobile insurance policies in the state of Arizona. "Contractors" covered by subsection 4.5(i) do not include persons contracted with a Competitor of the Producing Party to provide consulting or expert services for litigation that does not involve uninsured or underinsured motorist benefits. Counsel for the Receiving Party showing, providing, or disclosing Confidential or Highly Confidential Material to persons listed in Paragraphs 4.2.3 or 4.3.2 shall be responsible for obtaining the signed "Acknowledgment and Agreement to Be Bound" (Exhibit A) from such person and retaining the original, executed copy thereof.

4.6.    Filing Confidential or Highly Confidential Material. Before any pleading, brief, memorandum, motion, letter, affidavit, or other document filed with the Court that discloses, summarizes, describes, characterizes or otherwise communicates Confidential or Highly Confidential Material, the Party seeking to file such material must seek permission of the Court to file the material under seal. **The Parties must follow the procedural requirements of LRCiv 5.6.** Nothing in this Order shall be construed as automatically permitting a Party to file under seal. The party seeking leave of Court shall show "compelling reasons" (where the motion is more than tangentially related to the merits of the case) or "good cause" for filing under seal. *See Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1101 (9th Cir. 2016).[1] Where a Party seeks to seal only certain portions of a given document, the unredacted version of the document, which shall be lodged under seal pursuant to LRCiv 5.6(c), must include **highlighting** to indicate

---

[1] If a party wants to use the opposing party's Confidential Material to support or oppose a motion, the opposing party bears the burden to make the "compelling reasons" showing.

which portions of the document the Party seeks to redact. Additionally, a party seeking to file under seal shall, within the applicable deadline, file a redacted, unsealed version of any motion, response or reply if the party is waiting for a ruling from the Court on filing an unredacted, sealed version of the same document. Further, no portion of the trial of the matter shall be conducted under seal.

**5.    Challenging Confidentiality Designations**

5.1.    <u>Timing of Challenges</u>. Any Party or Non Party may challenge a designation of confidentiality at any time. Unless a prompt challenge to a Producing Party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

5.2.    <u>Meet and Confer</u>. During the pendency of this Litigation, any Party objecting to the designation of any Discovery Material or testimony as Confidential or Highly Confidential Material (the Challenging Party) shall initiate the dispute resolution process by providing written notice of each designation it is challenging and describing the basis for each challenge. The Parties shall attempt to resolve each challenge in good faith and must begin the process by conferring directly within 14 days of the date of service of notice. During the conferral process, the designating Party shall either offer to change the challenged material designation or provide a reason such designation is appropriate.

5.3.    <u>Judicial Intervention</u>. If the parties cannot resolve a challenge without court intervention, the designating Party shall file and serve a motion to retain confidentiality under LRCiv 7.1 (and in compliance with LRCiv 5.6, if applicable) within 21 days of the initial notice of challenge or within 14 days of the parties agreeing that the meet and confer process will not resolve their dispute, whichever is later. The parties may agree to extend these deadlines in writing without Court approval. Each motion filed under this subparagraph must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed in the preceding paragraph.

Failure by the designating Party to make such a motion including the required declaration in the time required by this subparagraph shall automatically waive the confidentiality designation for each challenged designation. In addition, the Challenging Party may file a motion challenging a confidentiality designation at any time if there is good cause for doing so, including a challenge to the designation of a deposition transcript or any portions thereof. Such motion must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed in the preceding paragraph.

The burden of persuasion in any such challenge proceeding shall be on the designating Party. Unless the designating Party has waived the confidentiality as described above, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the Court rules on the challenge.

**6.     Confidential or Highly Confidential Material Subpoenaed or Ordered Produced in Other Litigation**

6.1.    <u>Obligations Upon Receipt of Demand</u>. If any person in possession of Confidential or Highly Confidential Material (the "Receiver") receives a subpoena, court order, or other compulsory process seeking the production or other disclosure of Confidential or Highly Confidential Material produced or designated as "Confidential" or "Highly Confidential" by a Producing Party other than the Receiver (collectively, a "Demand"), the Receiver shall:

6.1.1.     Give written notice (by hand, email, or facsimile transmission) to counsel for the Producing Party (or Producing Parties) within five business days of receipt of such Demand (or if a response to the Demand is due in less than five business days, at least 24 hours prior to the deadline for a response to the Demand), identifying the Confidential or Highly Confidential Material sought and enclosing a copy of the Demand;

6.1.2.    Promptly notify in writing the party who caused the Demand to issue in the other litigation that some of all of the material covered by the Demand is subject to this Order and enclose a copy of this Order;

6.1.3.    Object to the production of the Confidential or Highly Confidential Material on the grounds of the existence of this Order. This subparagraph shall not require the Receiving Party to provide any other basis for the objection and any such objection shall not constitute a waiver of the Receiving Party's right to challenge the propriety of the "Confidential" or "Highly Confidential" designation of the material;

6.1.4.    Cooperate with respect to all reasonable procedures sought to be pursued by the Producing Party whose Confidential or Highly Confidential Material may be affected; and

6.1.5.    If the designating Party timely seeks a protective order from the court where the subpoena or order issued, the Party served with the subpoena or court order shall not produce any Confidential Material before a determination by that court, unless the Party has obtained the designating Party's permission.

6.2.    <u>Opposing Enforcement of the Demand</u>. The burden of opposing the enforcement of the Demand will fall on the Producing Party. Nothing herein shall be construed as requiring the Receiver or anyone else covered by this Order to challenge or appeal any order requiring production of Confidential or Highly Confidential Material covered by this Order, or to subject itself to any penalties for noncompliance with any legal process or order, or to seek any relief from this Court or any other court. Compliance by the Receiver with any order directing production pursuant to a Demand of any Confidential or Highly Confidential Material will not constitute a violation of this Order.

**7.    Inadvertent Production of Privileged or Otherwise Protected Material**

7.1.    Pursuant to Federal Rule of Evidence 502, the inadvertent or unintentional disclosure of information subject to a claim of privilege (including work-product immunity) shall not be deemed a waiver in whole or in part of the Producing Party's claim

of privilege (including work-product immunity), either as to the specific information disclosed or as to any other related information.

**8.    Unauthorized Disclosure of Confidential Material**

8.1.    No Receiving Party shall reveal any Confidential or Highly Confidential Material, or the information contained therein, to anyone not entitled to receive such Confidential or Highly Confidential Material under the terms of this Order.

8.2.    If a Receiver learns that, by inadvertence or otherwise, it has disclosed Confidential or Highly Confidential Material, or the information contained therein, to any person or in any circumstance not authorized under this Order, the Receiver must immediately:

8.2.1.    Use its best efforts to retrieve all unauthorized copies of the Confidential or Highly Confidential Material and to prevent disclosure of Confidential or Highly Confidential Material by each unauthorized person who receives the information;

8.2.2.    Inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order;

8.2.3.    Request that such person or persons execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A; and

8.2.4.    The Receiver shall immediately notify the designating Party in writing of the unauthorized disclosure, including all pertinent facts relating to the disclosure or loss of confidentiality, including, if known, the name, address, and employer of each person to whom the disclosure was made.

**9.    Non-Termination and Return of Documents**

9.1.    The confidentiality obligations imposed by this Order shall remain in effect throughout and after the conclusion of the Litigation, including, without limitation, any appeals therefrom, until a Producing Party agrees otherwise in writing or a court orders otherwise.

9.2.    Within 60 days after receiving notice of the entry of an order, judgment, or decree finally disposing of this Litigation, including the exhaustion of all possible appeals,

counsel for the Receiving Parties shall either return to counsel for the Producing Party all Confidential and Highly Confidential Material, including all copies, excerpts, and summaries thereof and all derivative works, stored in any form (including Confidential and Highly Confidential Material in the possession, custody, or control of any authorized agents, experts, or consultants), destroy such Confidential and Highly Confidential Materials (including Confidential and Highly Confidential Material in the possession, custody, or control of any authorized agents, experts, or consultants), or sequester such Confidential or Highly Confidential Materials (including Confidential and Highly Confidential Material in the possession, custody, or control of any authorized agents, experts, or consultants). Upon written request, Counsel for each Party shall certify compliance with this paragraph. All materials returned to the Parties or their counsel by the Court likewise shall be disposed of in accordance with this Paragraph. Nothing in this Order requires counsel to return or destroy e-mail communications between counsel that reside in a digital format. This provision shall not require the Receiving Party to access cloud storage that is not reasonably accessible for purposes of destroying Protected Materials backed up or otherwise stored onto those databases.

9.3.    Notwithstanding Paragraph 9.2, nothing in this Order shall restrict or prevent:

9.3.1.    Parties or their counsel from retaining copies of pleadings, motion papers (including exhibits), deposition and hearing transcripts (including exhibits), and the trial record (including exhibits) even if such materials contain Confidential or Highly Confidential Material, so long as materials containing Confidential or Highly Confidential Material are marked as Confidential or Highly Confidential;

9.3.2.    Counsel for the Parties, including in-house counsel, from retaining in their files materials that contain or reflect Confidential or Highly Confidential Materials, but which also constitute or reflect counsel's work product, so long as such materials continue to be treated as Confidential or Highly Confidential in accordance with this Order; or

9.3.3.    Parties or their counsel from retaining files related to this litigation, even if such files include Confidential or Highly Confidential Material, pursuant to their document retention policies, so long as materials that contain or reflect Confidential or Highly Confidential Materials are marked as Confidential or Highly Confidential and provided that such counsel, and employees of such counsel, and the Parties maintain the confidentiality thereof and do not disclose such Confidential or Highly Confidential Material to any person except pursuant to a court order, regulatory audit, as necessary to reinsurers, as otherwise required by state or federal law or regulation, including reporting of information to a regulator or government entity as permitted and/or required by applicable state or federal law or regulation, or by agreement with the Producing Party.

9.3.4.    The Court Reserves its inherent power to modify the terms of this agreement and permit the disclosure of information where the interest of justice so requires.

Dated this 7th day of October, 2024.

_____
Douglas L. Rayes
Senior United States District Judge

**EXHIBIT A**

**UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| Crystal Lopez, | No. CV-23-00629-PHX-DLR |
| Plaintiff, | **ACKNOWLEDGEMENT AND AGREEMENT TO BE BOUND** |
| v. | |
| Liberty Mutual Personal Insurance Company, | |
| Defendant. | |

Name: _____

Company/Firm Affiliation: _____

Address: _____

I hereby certify that I have read the Stipulated Protective Order (the "Order") entered in the above-captioned action (the "Litigation"). I agree to comply with and be bound by all terms of the Order, and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to the Order to any person or entity except in strict compliance with the provisions of the Order. I further acknowledge and agree that I cannot use any of the information that is the subject of the Order for any other purpose except this Litigation and the preparation and trial in this Litigation, or any related appellate proceedings, and not for any other purpose whatsoever, including without limitation, any other litigation or proceeding.

I further agree to submit to the jurisdiction of the United States District Court for the District of Arizona for the purpose of enforcing the terms of the Order, even if such enforcement proceedings occur after termination of this Litigation.

Signature: _____

Printed Name: _____

Date: _____