Robert B. Carey (SBN 011186)
John DeStefano (SBN 025440)
Tory Beardsley (SBN 031926)
**HAGENS BERMAN SOBOL SHAPIRO LLP**
11 West Jefferson Street, Suite 1000
Phoenix, AZ  85003
Telephone: (602) 840-5900
Facsimile: (602) 840-3012
Email: rob@hbsslaw.com
        johnd@hbsslaw.com
        toryb@hbsslaw.com

Brett L. Slavicek (SBN 019306)
James Fucetola (SBN 029332)
Justin Henry (SBN 027711)
**THE SLAVICEK LAW FIRM**
5500 North 24th Street
Phoenix, Arizona 85016
Telephone: (602) 285-4435
Facsimile: (602) 287-9184
Email: brett@slaviceklaw.com
        james@slaviceklaw.com
        justin@slaviceklaw.com

*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT
## DISTRICT OF ARIZONA

| | |
|---|---|
| Crystal Lopez, | Case No. 23-cv-00629-DLR |
| Plaintiff, | **PLAINTIFF'S MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT** |
| v. | |
| Liberty Mutual Personal Insurance Company, a New Hampshire Corporation, | (Assigned to the Honorable Douglas L. Rayes) |
| Defendant. | |

MOTION FOR LEAVE TO FILE AMENDED COMPLAINT

Plaintiff Crystal Lopez respectfully requests leave to file the First Amended Complaint ("FAC"). A draft redline is attached as Exhibit A. Plaintiff seeks to amend the Complaint by adding a new named plaintiff, Kevin Heisler. This is Plaintiff's first request to amend the complaint. Good cause exists under Rule 16 to permit amendment because for unforeseen reasons beyond counsel's control, Plaintiff Lopez recently became unable to represent the putative Class in this matter. The proposed joinder of Kevin Heisler as named plaintiff and Class representative will permit the case to proceed. Likewise, amendment under these circumstances is consistent with Rule 15's liberal policy in favor of amendment where justice so requires. Plaintiff has met and conferred with Defendant regarding this Motion, but the parties were unable to reach agreement on the specific terms of amendment.

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.      FACTUAL AND PROCEDURAL BACKGROUND**

**A.      Overview of claims.**

Under Arizona law, auto insurers must permit their customers to stack "policies or coverages" for uninsured and underinsured ("UM/UIM") motor vehicle accident claims unless the insurer employs one of two easy methods to avoid stacking—either (1) including a "statement" in the policy "inform[ing]" the insured of her "right to select one policy or coverage" as "applicable to any one accident," or (2) sending the insured, within thirty days of being notified of the accident, written notice of her "right to select one policy or coverage." A.R.S. § 20-259.01(H). On behalf of herself and a putative Class of similarly situated insureds, Plaintiff alleges that here, the Defendant Liberty Mutual did neither.[1] Instead, Liberty Mutual failed to disclose, apply, and pay stacked benefits in accordance with the contract and Arizona law, amounting to a breach of each Class Member's contract and constituting bad faith as to all Class Members.[2]

---

[1] Dkt. 1-3, Compl. ¶¶ 25-29.
[2] *Id.* ¶¶ 22-24

MOTION FOR LEAVE TO FILE AMENDED COMPLAINT

**B.      Plaintiff Crystal Lopez.**

On November 11, 2020, Plaintiff Lopez was driving her 2003 Toyota Avalon southbound on South Kolb Road when she was lawfully proceeding through the intersection at East Valencia Road in Tucson, Arizona.[3] Plaintiff Lopez was hit by non-party Sue Miller who ran a red light causing a collision.[4] As a result of the foregoing collision, Plaintiff Lopez incurred reasonable and necessary medical expenses in excess of $75,000.[5] As the at-fault driver, Ms. Miller's insurer paid the available $25,000 coverage to Plaintiff Lopez.[6] This was not enough to compensate Plaintiff Lopez for her claim. Accordingly, Plaintiff Lopez submitted a claim with Liberty Mutual for underinsured motorist coverage.

Liberty Mutual's form policy does not preclude stacking, nor does it include a provision notifying its insureds of their right to select which policy or coverage will apply to their claims. Additionally, Liberty Mutual did not advise Plaintiff Lopez of her right to select which coverage would apply within 30 days of receiving notice of the collision as required by A.R.S. § 20-259.01(H). While Plaintiff Lopez had three vehicles on her policy with $15,000 in UM/UIM coverage each, Liberty Mutual failed to disclose, apply, and pay stacked benefits, instead capping Ms. Lopez's claim at the single-vehicle $15,000 limit.[7]

On March 14, 2023, Plaintiff Lopez filed the instant action in Maricopa County Superior Court, Case No. CV2023-004032, alleging breach of contract and bad faith claims on behalf of herself and all other similarly situated, including proposed plaintiff, Kevin Heisler. The action was subsequently removed to this Court.[8]

---

[3] *Id.* ¶ 7.
[4] *Id.* ¶ 8.
[5] *Id.* ¶ 10.
[6] *Id.* ¶¶ 11-14.
[7] *Id.* ¶¶ 15, 21-22.
[8] *See generally* Dkt. 1, Notice of Removal.

- 3 -

MOTION FOR LEAVE TO FILE AMENDED COMPLAINT

**C.      Proposed Plaintiff, Kevin Heisler.**

On April 2, 2022, Kevin Heisler was a pedestrian crossing the street when he was struck by a vehicle driven by Brandon Herbert.[9] Non-party Brandon Herbert was partially at fault for causing the collision.[10]

Mr. Heisler had insured his multiple vehicles with Liberty Mutual; Liberty Mutual chose to insure the vehicles under a single policy providing coverage for all of the vehicles.[11] But, just as with Plaintiff Lopez, when Mr. Heisler made a claim for UM/UIM benefits with Liberty Mutual, Liberty Mutual failed to disclose, apply, and pay stacked benefits for UM/UIM coverages purchased for the multiple vehicles under that policy.[12] Mr. Heisler, just like Plaintiff Lopez, seeks to bring an action for breach of contract, bad faith, and a declaratory judgment on behalf of himself and all others similarly situated.

**D.      Plaintiff Lopez is unable to represent the putative Class.**

When Plaintiff Lopez signed up to represent the Class, her duties, including her duty to participate in discovery, were fully explained to her and she agreed that she was able to fulfill such duties.[13] Consistent with her duties, Plaintiff Lopez produced discovery documents and responded to written discovery requests.[14] She agreed to appear for an in-person deposition, the parties selected a mutually agreed-upon date, and Defendant served notice of the deposition.[15] Plaintiff Lopez appeared for an initial, remote deposition preparation session on June 2, 2025, just days before her deposition was set, but experienced some personal issues during that session.[16] When she did not appear for a second remote preparation session, Plaintiff's counsel notified Defendant that the deposition would need to be canceled.[17] After approximately two weeks of unsuccessful

---

[9] Exhibit A, Proposed FAC ¶¶ 7-10.
[10] *Id.* ¶ 8.
[11] *Id.* ¶ 14, Ex. A.
[12] *Id.* ¶ 21.
[13] Henry Decl. ¶ 2.
[14] *Id.* ¶ 3.
[15] *Id.* ¶ 4.
[16] *Id.* ¶ 5.
[17] *Id.* ¶ 6.

- 4 -

MOTION FOR LEAVE TO FILE AMENDED COMPLAINT

attempts to contact Plaintiff Lopez, including visiting her last known address in Sahuarita, Arizona, Plaintiff's counsel notified counsel for Liberty Mutual about the loss of contact on June 18, 2025.[18] On June 20, 2025, counsel for the parties conferred telephonically. Plaintiff's counsel proposed to identify a Class representative and move to amend to name the new plaintiff.[19] At that time, counsel for Defendant stated that a six-month extension of the case schedule would be necessary to conduct discovery regarding the new class representative.[20] The parties then moved jointly for a six-month extension of the case schedule, which the Court granted.[21]

Plaintiff's counsel later confirmed that for personal reasons, Plaintiff Lopez would be unable to continue fulfilling her duties as a class representative and secured her consent to seek a new proposed class representative and seek voluntary dismissal on her behalf.[22] On July 8, 2025, Mr. Heisler, who is willing and able to represent the interests of the Class, retained Plaintiff's counsel to represent him as a Plaintiff in a class action against Defendant.[23] Plaintiff's counsel conveyed this information to Defendant during another conferral on July 16, 2025, and provided written confirmation of the same on July 20, 2025.[24] On July 25, 2025, Liberty Mutual requested a copy of the proposed amendment before it was able to provide its position regarding leave to amend and Plaintiff's counsel provided a redline of the then-contemplated amendments on September 9, 2025.[25] Plaintiff's counsel then followed up on September 16, 2025 and September 25, 2025; and on September 30, 2025, when counsel for Defendant indicated that they were prepared to discuss the amendment, the parties met and conferred that same day.[26] Pursuant to that

---

[18] Declaration of E. Tory Beardsley (Beardsley Decl.) ¶ 2, Ex. 1.
[19] *Id.* ¶ 3.
[20] *Id.*
[21] Dkt. Nos. 53, 54.
[22] Henry Decl. ¶ 7.
[23] *Id.* ¶ 8.
[24] Beardsley Decl. ¶ 4, Ex. 2 at 8-9, July 20 email.
[25] *Id.* ¶ 5, Ex. 2 at 7, July 25 email & 6, Sept. 9 email.
[26] *Id.* ¶ 6, Ex. 2 at 4-6.

MOTION FOR LEAVE TO FILE AMENDED COMPLAINT

conferral, the parties attempted to work out a series of stipulations related to this matter and the parallel case *Moshier v. Safeco Ins. Co. of America,* Case No. CV-23-00225-PHX-DLR (D. Ariz.).[27] Despite significant progress in discussions, the parties reached impasse as to the specific terms of the proposed amendment and Plaintiff immediately filed this Motion.[28]

### E.     Nature of proposed amendments.

A redline of each of the changes to the Complaint is attached as Exhibit A to this Motion. Plaintiff does not seek to add any causes of action. Rather, the proposed amendment seeks to add Mr. Heisler as a class representative. Additionally, the amendments reflect that this case has been removed to federal court.[29] Plaintiff provided a close-to-final version of Exhibit A to Liberty Mutual, but Liberty Mutual has not consented to the granting of the Motion.[30]

## II.     LEGAL STANDARD

### A.     Federal Rule of Civil Procedure 16.

Under Federal Rule of Civil Procedure 16(b)(4), an amendment requiring a modification of the case schedule may be granted "for good cause and with the Judge's consent." Fed. R. Civ. P. 16(b)(4); *Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1294 (9th Cir. 2000). While the circumstances constituting "good cause" to modify a scheduling order to allow amendment varies with each case, the inquiry "primarily considers the diligence of the party seeking the amendment." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992). The Court also considers the existence and degree of prejudice to non-

---

[27] *Id.* ¶ 7, Ex. 2 at 1-4 (Sept. 30 through Oct. 8 emails).
[28] *Id.* ¶ 8.
[29] *E.g.*, *Ex. A* ¶¶102-06. ¶
[30] The version of Exhibit A provided to Liberty Mutual and the version of Exhibit A submitted now to the Court vary only in the class definition: The version submitted to the Court preserves the existing class definition in an attempt to avoid unnecessary disputes, whereas in conferrals, Liberty Mutual had objected to a revised version of the class definition. Beardsley Decl. ¶ 5.

MOTION FOR LEAVE TO FILE AMENDED COMPLAINT

moving parties in determining whether there is good cause to permit modification. *See id.* at 609.

**B.     Federal Rule of Civil Procedure 15.**

If the moving party shows good cause under Rule 16(b), the court applies the liberal standards of Rule 15(a) in determining whether to grant leave to amend. *Johnson*, 975 F.2d at 608.

The good cause standard primarily considers whether the movant can demonstrate that, despite diligence, the proposed claims could not have been reasonably sought in a timely manner. "[T]he focus of the inquiry is upon the moving party's reasons for seeking modification." *Johnson.*, 975 F.2d at 609 (citing *Gestetner Corp. v. Case Equip. Co.*, 108 F.R.D. 138, 141 (D. Me.1985)).

"Rule 15(a) declares that leave to amend 'shall be freely given when justice so requires'; this mandate is to be heeded." *Foman v. Davis*, 371 U.S. 178, 182 (1962); *see California Architectural Bldg. Prods., Inc. v. Franciscan Ceramics, Inc.*, 818 F.2d. 1466, 1472 (9th Cir. 1987). In exercising its discretion, the Court "must be guided by the underlying purpose of Rule 15 – to facilitate decision on the merits rather than on the pleadings or technicalities. . . . Thus, 'Rule 15's policy of favoring amendments to pleadings should be applied with extreme liberality.'" *Eldridge v. Block*, 832 F.2d 1132, 1135 (9th Cir. 1987) (citations omitted); *see Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990) (stating that leave to amend is generally allowed with "extraordinary liberality").

While leave to amend is not to be "thoughtlessly applied," "[c]ourts may decline to grant leave to amend *only* if there is strong evidence of undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed undue prejudice to the opposing party by virtue of allowance of the amendment, or futility of amendment, etc." *Wagner v. Adickman*, No. CV-19-03216-PHX-SMB, 2020 WL 2395172, at *1 (D. Ariz. May 12, 2020) (cleaned up) (citing *United States ex rel. Lee v. SmithKline Beecham, Inc.*, 245 F.3d 1048, 1052 (9th Cir. 2001);

MOTION FOR LEAVE TO FILE AMENDED COMPLAINT

*Sonoma Cty. Ass'n of Retired Emps. v. Sonoma Cty.*, 708 F.3d 1109, 1117 (9th Cir. 2013)).

### III.   ARGUMENT

**A.   Good cause exists to file the amendment because it is in the best interests of the Class to allow Mr. Heisler to represent their interests.**

Here, it is in the interests of justice to grant Plaintiff Lopez leave to join by way of amendment an additional named plaintiff, Mr. Heisler, to replace her in representing the Class. Ms. Lopez is unable to fulfill her duty to represent the Class and, as such, intends to stipulate to dismissal immediately after the filing of the proposed amendment. If her claims were dismissed and Mr. Heisler were not permitted to replace her in representing the ongoing interests of the class, hundreds of class members whose claims fall within the scope of the proposed class here would be left without a representative in this proceeding.

It is commonplace for courts to allow plaintiffs to swap proposed class representatives, even in late stages in litigation. *See, e.g.*, *Rushing v. Williams-Sonoma, Inc.*, No. 16-CV-01421-WHO, 2018 WL 5304836, at *9-11 (N.D. Cal. Oct. 24, 2018) (permitting class counsel to identify an alternative class representative). Here, the disruption to the case schedule is much more minimal as nearly three months remain in the discovery period, meaning Defendant has ample opportunity to seek discovery on the new class representative prior to class certification. Accordingly, good cause exists to grant Plaintiff's Motion.

Additionally, Plaintiff's counsel has demonstrated diligence by (1) immediately informing Liberty Mutual that she would be unable to continue as a Class representative as soon as that information was known to Plaintiff's counsel; (2) locating a suitable Class representative while discovery remains open; and (3) filing this request the same day the parties reached impasse regarding Defendant's position on the proposed amendment. There can be no doubt that Plaintiff's counsel has acted diligently in their actions to bring this amendment and serve the best interests of the Class.

MOTION FOR LEAVE TO FILE AMENDED COMPLAINT

**B.      Plaintiff should be granted leave to amend under the liberal pleading standard of Rule 15(a).**

### 1.      The amendments will not prejudice Defendant.

Leave to amend should be granted here. The amendment will not prejudice Liberty Mutual in any way. "Prejudice" in the context of an amendment means the amendment would "deny a defendant an adequate opportunity to prepare his defense, would result in surprise, or would result in increased discovery burdens." *Jones v. Twentieth Century Studios, Inc.*, No. 2:21-CV-05890-FWS-SK, 2022 WL 22234557, at *2 (C.D. Cal. Dec. 20, 2022)."The prejudice to the opposing party is greater where the tardy amendment will require a reopening of discovery, and it is lessened when the new issue presents solely an issue of law to be determined upon application to the existing facts." *C.F. v. Capistrano Unified Sch. Dist.*, 656 F. Supp. 2d 1190, 1199 n.15 (C.D. Cal. 2009). Here, the issues raised in the amendment do not prejudice Defendant; they merely present an additional plaintiff, who seeks identical claims, to represent the same class of insureds.

Defendant has already requested and received a six-month extension of the case schedule to seek discovery on the proposed new plaintiff, and nearly three months of fact discovery remain.[31] While Plaintiff is willing to work with Defendant to accommodate any additional requests for amendment, Plaintiff's position is that only a brief extension would be necessary, if any, and such a delay would not prejudice or inconvenience Liberty Mutual; discovery in this case remains open, the Plaintiff has not been deposed, and no trial date has been set. *Eichler v. Tilton*, No. CIVS06-2894-RRB-CMKP, 2008 WL 109340, at *2 (E.D. Cal. Jan. 8, 2008) (finding no prejudice where no trial date has been set).

### 2.      The Motion is not brought in bad faith, nor is it the result of undue delay.

There is no evidence to suggest this Motion was filed in bad faith or the result of undue delay. The bad faith or dilatory motives of counsel are considered when a material

---

[31] Beardsley Decl. ¶ 3; Dkt. Nos. 53; 54.

MOTION FOR LEAVE TO FILE AMENDED COMPLAINT

alteration of the case is proposed at a late stage of the proceedings. *Outboard Marine Corp. v. Pezete*, 535 F.Supp. 248, 251 (D. Del. 1982). Here, Plaintiff seeks to add a new plaintiff due to Plaintiff Lopez's inability to proceed as a class representative. Plaintiff's counsel notified counsel for Defendant of this possibility even before Plaintiff Lopez confirmed her inability to continue, and Plaintiff joined Defendant in its request for an extension of the case schedule to accommodate additional discovery.[32] The proposed FAC does not seek to make any other substantive changes other than to add Mr. Heisler's claims on behalf of himself and the Class.[33] Under these circumstances, there is no reasonable argument that this Motion was filed in bad faith.

Nor is the Motion the result of undue delay. Delay alone does not provide sufficient grounds for denying leave to amend." *Hurn v. Ret. Fund Tr. of Plumbing, Heating & Piping Indus. of S. California*, 648 F.2d 1252, 1254 (9th Cir. 1981). No delay will result from granting this Motion because there is still ample time for Liberty Mutual to conduct discovery on the proposed new Plaintiff. And, Liberty Mutual has known the name of the new Plaintiff and his allegations for a month now.[34] Additionally, any "delay" present here is a result of the parties' sincere and extensive attempts over a period of many weeks to reach agreement regarding the proposed amendment. After much back and forth, the parties reached impasse on October 9, 2025 and Plaintiff has filed this Motion the same day. In the absence of any delay that is undue, leave to amend should be granted under Rule 15.

## IV.   CONCLUSION

For the foregoing reasons, the Court should grant Plaintiff leave to file her First Amended Complaint.

---

[32] Bearsley Decl. ¶ 2; Henry Decl. ¶ 7; Dkt. No. 53.
[33] *See generally* Ex. A, Proposed FAC.
[34] Beardsley Decl. ¶ 5.

MOTION FOR LEAVE TO FILE AMENDED COMPLAINT

Dated: October 9, 2025                 Respectfully submitted by,

                                       HAGENS BERMAN SOBOL SHAPIRO LLP

                                       By: *s/ Robert B. Carey*
                                             Robert B. Carey
                                             John M. DeStefano
                                             E. Tory Beardsley

                                       THE SLAVICEK LAW FIRM
                                             Brett L. Slavicek
                                             James Fucetola
                                             Justin Henry

                                       *Attorneys for Plaintiff*

MOTION FOR LEAVE TO FILE AMENDED
                                       COMPLAINT