**Jaburg & Wilk, P.C.**
1850 North Central Avenue, Suite 1200
Phoenix, AZ 85004
602.248.1000

Micalann C. Pepe (029053)
mcp@jaburgwilk.com
Ian M. Fischer (026239)
imf@jaburgwilk.com

Attorneys for Defendant
Liberty Mutual Personal Insurance Company

# UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Kevin Heisler, *et al.*, | Case No.  2:23-cv-00629-PHX-DLR |
| Plaintiff, | |
| v. | **ANSWER TO FIRST AMENDED CLASS ACTION COMPLAINT** |
| Liberty Mutual Personal Insurance Company, | (Honorable Douglas L. Rayes) |
| Defendant. | |

Defendant Liberty Mutual Personal Insurance Company ("LMPIC") hereby answers Plaintiffs Crystal Lopez and Kevin Heisler's First Amended Class Action Complaint ("Complaint") as follows:

## I.    THE PARTIES

1.    LMPIC lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 1 and, therefore, denies them.

2.    In response to Paragraph 2, LMPIC:

a.    admits it issued an auto insurance policy to Plaintiff Lopez, that the policy provided uninsured and underinsured motorist coverage, and that the policy provided insurance coverage for more than one vehicle; and

b.    lacks knowledge or information sufficient to form a belief about the

truth of the remaining allegations in Paragraph 2 and, therefore, denies them.

3.    LMPIC admits the allegations in Paragraph 3.

## II.    NATURE OF THE ACTION

4.    Paragraph 4 states legal conclusions to which no response is required. To the extent a response is required LMPIC denies the allegations in Paragraph 4.

5.    Paragraph 5 does not make factual allegations for which a response is required, it merely defines a term used in the Complaint. To the extent a response is required, LMPIC denies the allegations in Paragraph 5.

6.    Paragraph 6 does not make factual allegations for which a response is required, it merely defines a term used in the Complaint. To the extent a response is required, LMPIC denies the allegations in Paragraph 6.

7.    Answering Paragraph 7, LMPIC:

a.    avers that the first sentence in Paragraph 7 states a legal conclusion to which no response is required. To the extent the first sentence requires a response, LMPIC denies this sentence and states that each claim is considered based on the applicable policy and the merits of that claim.

b.    in response to the second sentence in Paragraph 7, avers that it responds to insureds' claims based on each claim's merits and denies any contrary allegation; and

c.    avers that the third sentence in Paragraph 7 states a legal conclusion to which no response is required. To the extent the third sentence requires a response, LMPIC denies this sentence and specifically denies that it places its own interests ahead of its insureds' interests.

## A.  Kevin Heisler

8.    LMPIC lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 8 and, therefore, denies them.

9.    LMPIC lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 9 and, therefore, denies them.

2

10.    LMPIC lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 10 and, therefore, denies them.

11.    LMPIC lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 11 and, therefore, denies them.

12.    LMPIC admits the allegations in Paragraph 12.

13.    LMPIC admits the allegations in Paragraph 13.

14.    LMPIC lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 14 and, therefore, denies them.

15.    Answering Paragraph 15, LMPIC:

a.    admits it issued auto insurance policy AOV-261-558536-70 to The Heisler Family Trust and Karen Heisler, that the policy provided uninsured and underinsured motorist coverage, and that the policy provided insurance coverage for more than one vehicle;

b.    admits the policy listed the two vehicles alleged under "Vehicles Covered by Your Auto Policy" on the policy's declarations page;

c.    avers all coverage provided by the policy is subject to the terms, conditions, provisions, and exclusions of the policy and applicable law, and

d.    denies the remaining allegations.

16.    LMPIC denies the allegations in Paragraph 16.

17.    LMPIC denies the allegations in Paragraph 17.

18.    LMPIC lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 18 and, therefore, denies them.

19.    LMPIC lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 19 and, therefore, denies them.

20.    LMPIC lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 20 and, therefore, denies them.

21.    Answering Paragraph 21, LMPIC:

a.    admits Plaintiff Heisler sent LMPIC a demand for underinsured

3

23043-23043-00028\IMF\GSZ\6705317v1

motorist coverage dated October 19, 2022;

      b.    avers that the demand said that it expires on November 11, 2022, and it included an incorrect statement of the policy limits; and

      c.    denies any remaining allegations.

22.    Answering Paragraph 22, LMPIC:

      a.    admits it paid Plaintiff Heisler $50,000 in settlement of his claim; and

      b.    denies any remaining allegations.

23.    LMPIC denies the allegations in Paragraph 23.

24.    LMPIC denies the allegations in Paragraph 24.

25.    Answering Paragraph 25, LMPIC:

      a.    admits Paragraph 25 quotes a portion of the Limit of Liability provision for the Underinsured Motorist coverage in the Heisler policy; and

      b.    denies that it fully sets forth the Limit of Liability provision or that it fully sets forth the parties' respective rights and obligations under the policy and/or applicable law.

26.    Paragraph 26 states legal conclusions to which no response is required. To the extent a response is required LMPIC denies the allegations in Paragraph 26.

27.    Paragraph 27 states legal conclusions to which no response is required. To the extent a response is required LMPIC denies the allegations in Paragraph 27.

28.    Answering Paragraph 28, LMPIC:

      a.    admits Paragraph 28 quotes a portion of the Heisler policy; and

      b.    denies that it fully sets forth the parties' respective rights and obligations under the Heisler policy and/or applicable law.

29.    Paragraph 29 states legal conclusions to which no response is required. To the extent a response is required LMPIC denies the allegations in Paragraph 29.

30.    Paragraph 30 states legal conclusions to which no response is required. To the extent a response is required LMPIC denies the allegations in Paragraph 30.

4

JABURG WILK
LAW FIRM

31.    LMPIC denies the allegations in Paragraph 31.

32.    Paragraph 32 states legal conclusions to which no response is required. To the extent a response is required LMPIC denies the allegations in Paragraph 32.

**B.  Crystal Lopez**

33.    LMPIC lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 33 and, therefore, denies them.

34.     LMPIC lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 34 and, therefore, denies them.

35.    LMPIC lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 35 and, therefore, denies them.

36.    LMPIC lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 36 and, therefore, denies them.

37.    LMPIC lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 37 and, therefore, denies them.

38.    LMPIC admits the allegations in Paragraph 38.

39.    LMPIC admits the allegations in Paragraph 39.

40.    LMPIC lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 40 and, therefore, denies them.

41.    Answering Paragraph 41, LMPIC:

a.    admits it issued an auto insurance policy to Plaintiff Lopez, that the policy provided uninsured and underinsured motorist coverage, and that the policy provided insurance coverage for more than one vehicle;

b.    admits the policy listed a 2012 Dodge Ram, 2003 Toyota Avalon, and 1997 Ford F 150 under "Vehicles Covered by Your Auto Policy" on the policy's Declarations page;

c.    avers all coverage provided by the policy is subject to the terms, conditions, provisions, and exclusions of the policy and applicable law; and

d.    denies the remaining allegations.

5

42. LMPIC denies the allegations in Paragraph 42.

43. LMPIC denies the allegations in Paragraph 43.

44. LMPIC denies the allegations in Paragraph 44.

45. LMPIC admits the allegations in Paragraph 45.

46. LMPIC lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 46 and, therefore, denies them.

47. Answering Paragraph 47, LMPIC:

a. admits Plaintiff Lopez sent LMPIC a demand for underinsured motorist coverage dated January 6, 2021;

b. avers that the demand said Plaintiff Lopez "expected to hear from [LMPIC] within fifteen (15) days of the instant communication"; and

c. denies any remaining allegations.

48. Answering Paragraph 48, LMPIC:

a. admits it paid Plaintiff Lopez $15,000 in settlement of her claim; and

b. denies any remaining allegations.

49. LMPIC denies the allegations in Paragraph 49.

50. LMPIC denies the allegations in Paragraph 50.

51. Answering Paragraph 51, LMPIC:

a. admits Paragraph 51 quotes a portion of the Limit of Liability provision for the Underinsured Motorist coverage in the Lopez policy; and

b. denies that it fully sets for the Limit of Liability provision or that it fully sets forth the parties' respective rights and obligations under the policy.

52. Paragraph 52 states legal conclusions to which no response is required. To the extent a response is required LMPIC denies the allegations in Paragraph 52.

53. Paragraph 53 states legal conclusions to which no response is required. To the extent a response is required LMPIC denies the allegations in Paragraph 53.

54. LMPIC denies the allegations in Paragraph 54.

55. Paragraph 55 states legal conclusions to which no response is required. To

6

the extent a response is required LMPIC denies the allegations in Paragraph 55.

56.    Answering Paragraph 56, LMPIC:

a.    admits Paragraph 56 quotes a portion of the Lopez policy; and

b.    denies that it fully sets forth the parties' respective rights and obligations under the policy.

57.    Paragraph 57 states legal conclusions to which no response is required. To the extent a response is required LMPIC denies the allegations in Paragraph 57.

58.    Paragraph 58 states legal conclusions to which no response is required. To the extent a response is required LMPIC denies the allegations in Paragraph 58.

59.    LMPIC denies the allegations in Paragraph 59.

60.    Paragraph 60 states legal conclusions to which no response is required. To the extent a response is required LMPIC denies the allegations in Paragraph 60.

61.    Answering Paragraph 61, LMPIC:

a.    admits it conducts a reasonable investigation into its insureds' claims;

b.    avers decisions regarding the applicability and extent of coverage are made based upon the applicable policy language and merits of each claim; and

c.    denies the remaining allegations.

62.    Answering Paragraph 62, LMPIC:

a.    avers it reasonably handles each claim based upon the applicable policy language and the merits of each claim; and

b.    denies the remaining allegations.

63.    Answering Paragraph 63, LMPIC:

a.    avers it reasonably handles each claim based upon the applicable policy language and the merits of each claim; and

b.    denies the remaining allegations.

64.    Answering Paragraph 64, LMPIC:

a.    avers that the policy documents speak for themselves; and

7

23043-23043-00028\IMF\GSZ\6705317v1

b.    denies all remaining allegations.

65.    Answering Paragraph 65, LMPIC:

a.    avers that the policy documents speak for themselves; and

b.    denies all remaining allegations.

66.    Answering Paragraph 66, LMPIC:

a.    avers it reasonably handles each claim based upon the applicable policy language and the merits of each claim; and

b.    denies the remaining allegations.

67.    Answering Paragraph 67, LMPIC:

a.    avers it reasonably handles each claim based upon the applicable policy language and the merits of each claim; and

b.    denies the remaining allegations.

68.    LMPIC denies the allegations in Paragraph 68.

69.    LMPIC denies the allegations in Paragraph 69.

70.    LMPIC denies the allegations in Paragraph 70.

71.    LMPIC denies the allegations in Paragraph 71.

72.    LMPIC denies the allegations in Paragraph 72.

73.    LMPIC denies the allegations in Paragraph 73.

74.    LMPIC denies the allegations in Paragraph 74.

75.    LMPIC admits Paragraph 75 states what Plaintiffs seek in this lawsuit but denies they are entitled to what they seek.

76.    LMPIC lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 76 and, therefore, denies them.

77.    LMPIC admits Plaintiffs' contention is stated in Paragraph 77 but denies that this contention is factually or legally correct.

78.    LMPIC denies Paragraph 78 accurately states its position.

79.    LMPIC denies the allegations in Paragraph 79.

80.    LMPIC denies the allegations in Paragraph 80.

8

81.    LMPIC admits Paragraph 81 states what Plaintiffs seek in this lawsuit but denies they are entitled to what they seek.

82.    LMPIC denies the allegations of Paragraph 82.

83.    LMPIC denies the allegations of Paragraph 83.

84.    LMPIC denies the allegations of Paragraph 84.

85.    Paragraph 85 states a legal conclusion to which no response is required. To the extent a response is required LMPIC states that Paragraph 85 is an incomplete and sometimes inaccurate statement of Arizona law and, therefore, denies the allegations.

86.    LMPIC denies the allegations in Paragraph 86.

87.    LMPIC denies the allegations in Paragraph 87.

88.    LMPIC denies the allegations in Paragraph 88.

89.    LMPIC denies the allegations in Paragraph 89.

90.    LMPIC denies the allegations in Paragraph 90.

91.    LMPIC denies the allegations in Paragraph 91.

92.    LMPIC denies the allegations in Paragraph 92.

93.    LMPIC denies the allegations in Paragraph 93.

94.    LMPIC denies the allegations in Paragraph 94.

95.    LMPIC denies the allegations in Paragraph 95.

96.    LMPIC denies the allegations in Paragraph 96.

97.    LMPIC denies the allegations in Paragraph 97.

98.    LMPIC denies the allegations in Paragraph 98.

99.    LMPIC denies the allegations in Paragraph 99.

100.    LMPIC denies the allegations in Paragraph 100.

101.    LMPIC denies the allegations in Paragraph 101.

102.    LMPIC denies the allegations in Paragraph 102.

III.    **JURISDICTION AND VENUE**

103.    In response to Paragraph 103, LMPIC does not dispute that jurisdiction and venue are proper in this Court.

9

104.    Paragraph 104 states a legal conclusion to which no response is required. LMPIC does not dispute that jurisdiction and venue are proper in this Court.

105.    Paragraph 105 states a legal conclusion to which no response is required. LMPIC does not dispute that jurisdiction and venue are proper in this Court.

106.    Paragraph 106 states a legal conclusion to which no response is required. LMPIC does not dispute that jurisdiction and venue are proper in this Court.

107.    Paragraph 107 states a legal conclusion to which no response is required. LMPIC does not dispute that jurisdiction and venue are proper in this Court.

## IV.    CLASS ALLEGATIONS

108.    In response to Paragraph 108, LMPIC admits the Plaintiff Heisler purports to allege a class action but denies that class action treatment is appropriate for Plaintiff Heisler's claims.

109.    In response to Paragraph 109, LMPIC admits the Plaintiff Heisler proposes to represent a class of individuals, as defined in Paragraph 109, but denies that class action treatment is appropriate for Plaintiff Heisler's claims or that any such class is properly, or can be properly, defined.

110.    LMPIC denies the allegations in Paragraph 110.

### A.    Numerosity

111.    Paragraph 111 states legal conclusions to which no response is required. To the extent a response is required LMPIC denies the allegations in Paragraph 111.

112.    LMPIC denies the allegations in Paragraph 112.

### B.    Commonality

113.    Paragraph 113 states legal conclusions, to which no response is required, and misquotes Fed. R. Civ. P. 23(a)(2). To the extent a response is required LMPIC denies the allegations in Paragraph 113.

114.    LMPIC denies the allegations in Paragraph 114.

115.    LMPIC denies the allegations in Paragraph 115.

10

### C.    Typicality

116.    Paragraph 116 states legal conclusions to which no response is required. To the extent a response is required LMPIC denies the allegations in Paragraph 116.

117.    LMPIC denies the allegations in Paragraph 117.

118.    LMPIC denies the allegations in Paragraph 118.

### D.    Adequacy

119.    Paragraph 119 states legal conclusions to which no response is required. To the extent a response is required LMPIC denies the allegations in Paragraph 119.

120.    Paragraph 120 states legal conclusions to which no response is required. To the extent a response is required LMPIC denies the allegations in Paragraph 120.

121.    In response to Paragraph 121, LMPIC states that there is no class and that class action treatment is not appropriate for Plaintiff Heisler's claims and denies the allegations inconsistent with this statement. LMPIC lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 121 and, therefore, denies the allegations.

122.    In response to Paragraph 122, LMPIC admits the Plaintiff Heisler purports to seek to represent a class, and that Plaintiff Lopez does not, but denies that class action treatment is appropriate for Plaintiff Heisler's claims and that he should be appointed to represent a class.

123.    In response to Paragraph 123, LMPIC states that there is no class and that class action treatment is not appropriate for Plaintiff's claims and denies the allegations inconsistent with this statement. LMPIC lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 123 and, therefore, denies the allegations.

124.    In response to Paragraph 124, LMPIC states that there is no class and that class action treatment is not appropriate for Plaintiffs' claims and denies the allegations inconsistent with this statement. LMPIC lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 124 and, therefore,

11

denies the allegations.

125. In response to Paragraph 125, LMPIC states that there is no class and that class action treatment is not appropriate for Plaintiff's claims and denies the allegations inconsistent with this statement. LMPIC lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 125 and, therefore, denies the allegations.

126. In response to Paragraph 126, LMPIC states that there is no class and that class action treatment is not appropriate for Plaintiff's claims and denies the allegations inconsistent with this statement. LMPIC lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 126 and, therefore, denies the allegations.

**E.      Rule 23(b)(2)**

127. Paragraph 127 states legal conclusions to which no response is required. To the extent a response is required LMPIC denies the allegations in Paragraph 127.

128. LMPIC denies the allegations in Paragraph 128.

129. LMPIC denies the allegations in Paragraph 129.

130. LMPIC denies the allegations in Paragraph 130.

131. Paragraph 131 does not contain any factual allegations that require a response. To the extent a response is required, LMPIC denies the allegations in Paragraph 131.

**F.      Rule 23(b)(3)**

132. Paragraph 132 states legal conclusions to which no response is required. To the extent a response is required LMPIC denies the allegations in Paragraph 132.

133. Paragraph 133 states legal conclusions to which no response is required. To the extent a response is required LMPIC denies the allegations in Paragraph 133.

134. Paragraph 134 states legal conclusions to which no response is required. To the extent a response is required LMPIC denies the allegations in Paragraph 134.

135. Paragraph 135 states legal conclusions to which no response is required. To

12

the extent a response is required LMPIC denies the allegations in Paragraph 135.

136.    LMPIC denies the allegations in Paragraph 136.

137.    LMPIC denies the allegations in Paragraph 137.

138.    LMPIC denies the allegations in Paragraph 138.

139.    LMPIC denies the allegations in Paragraph 139.

140.    Paragraph 140 does not set forth any factual allegations that require a response. To the extent a response is required, LMPIC denies the allegations in Paragraph 140.

141.    In response to the unnumbered Paragraph that appears below Paragraph 140 and begins with "WHEREFORE" and to each of its subparagraphs numbered 1 through 14, LMPIC denies Plaintiffs are entitled to any relief they request.

142.    Except those allegations expressly admitted, LMPIC denies any remaining allegations in the Complaint, including as to any headers not expressly addressed.

## DEMAND FOR JURY TRIAL

LMPIC demands a trial by jury on all claims and defenses so triable.

## AFFIRMATIVE DEFENSES

1.    The Complaint fails to state a claim upon which relief may be granted.

2.    LMPIC did not breach the insurance policy.

3.    LMPIC acted reasonably and in good faith.

4.    Plaintiffs' claims are subject to the insurance policy and Arizona law.

5.    The insurance policy requires the insured to cooperate with LMPIC in the settlement of any claim or lawsuit and to promptly send LMPIC copies of the legal papers if a suit is brought. Plaintiff Heisler and some or all putative class members' claims are barred in whole or in part because they did not comply with these terms of the insurance policy.

6.    The doctrines of unjust enrichment and quantum meruit bar Plaintiffs' and some or all putative class members' claims.

7.    By virtue of Plaintiffs' and some or all of the putative class members' own

13

acts and conduct, Plaintiffs and/or putative class members have waived their rights and/or are estopped from asserting their claims.

8.      Any damages awarded against LMPIC are subject to an offset of any and all amounts recovered by Plaintiffs or any putative class members through any claim(s) and/or lawsuit(s) for damages arising from any incidents or accidents that are the basis for Plaintiffs or any putative class members' claims against LMPIC.

9.      To the extent Plaintiffs or any putative class member received payment from or on behalf of any persons or organizations who may be legally responsible, LMPIC has no obligation to make a duplicate payment for such loss and any Plaintiff or putative class member who received such payment is not entitled to any duplicate payment from LMPIC.

10.      Some or all putative class members lack standing to bring the claims alleged in the Complaint because they have no injury in fact.

11.      The pendency of prior filed actions or the individual resolution of claims bars this action in whole or in part.

12.      An applicable statute of limitations bars Plaintiffs' and/or some putative class members' claims.

13.      To the extent Plaintiffs and/or any putative class member failed to truthfully and completely complete their application for insurance with LMPIC, their claims are barred.

14.      Arbitration and award, appraisal, assumption of risk, discharge in bankruptcy, duress, failure of consideration, fraud, illegality, laches, license, payment, release, set-off and/or recoupment, statute of frauds, unclean hands, and/or waiver bar Plaintiffs' or putative class members' claims.

15.      Contributory or comparative negligence/fault, A.R.S. § 12-711, or A.R.S. § 12-712 may reduce or bar Plaintiffs' or putative class members' claims.

16.      To the extent the evidence in this case reveals, the doctrines of res judicata, collateral estoppel, claim preclusion, or issue preclusion bar Plaintiffs' and/or putative

14

class members' claims.

17.    To the extent the evidence reveals, the doctrine of Accord and Satisfaction bars Plaintiffs' and/or putative class members' claims.

18.    The doctrine of ratification, including through the renewal of the respective insurance policies, bars Plaintiffs' and/or putative class members' claims.

19.    To the extent the insurance policy at issue in Plaintiffs' claims, or any insurance policy at issue in any putative class members' claim, is interpreted to provide more Underinsured Motorists Bodily Injury coverage and/or Uninsured Motorists Bodily Injury coverage than the insured intended to obtain and LMPIC intended to provide, the policy should be reformed to correct the mistake and to provide the limits of coverage the parties to the policy intended. If the policy is not reformed, any coverage beyond the coverage the parties to the policy intended lacks consideration and should not be provided.

20.    To the extent Plaintiffs individually, or any member of any putative class, failed to mitigate, minimize, or avoid any damage they allegedly sustained, their claims or claimed damages are barred in whole or in part, by such failure.

21.    To the extent that improper treatment damaged Plaintiffs and members of the putative class, such injuries and damages were the result of negligence, omission, or affirmative conduct of third persons or parties for whose conduct Plaintiffs may not hold LMPIC responsible.

22.    Plaintiffs cannot maintain this suit as a class action because, among other reasons: (1) Plaintiffs will not fairly and adequately protect the interests of the putative class; (2) common issues of fact or law do not predominate over questions affecting only individual members; (3) a class action is not an appropriate method for the fair and efficient adjudication of the controversy; (4) Plaintiffs cannot satisfy the other requirements of maintaining a class action; (5) class action is not an appropriate or superior method for addressing Plaintiffs' claims because individual questions exceed the common questions; (6) aggregation of claims would deny LMPIC due process by

15

depriving LMPIC of its right to discover and present bona fide legal and factual defenses unique to a specific policyholder and transaction, including the defenses of no damages and those listed in this Answer; and (7) the putative class is not ascertainable and its members are not identifiable.

23. LMPIC opposes class certification and disputes the propriety of class treatment.

24. Plaintiffs and putative class members are not entitled to attorneys' fees.

25. The ratio between compensatory damages and the amount of punitive damages may be a factor in assessing the effectiveness of an award. In addition, the difference between the punitive damages awarded and the civil penalty authorized for imposing comparable cases may be considered.

26. In seeking the imposition of punitive damages, LMPIC's basic protection against punishment without notice afforded by the due process clause of the 14th Amendment of the United States Constitution and the Arizona Constitution is violated. LMPIC is entitled to receive notice, not only of the conduct that will subject it to punishment but also the severity of the penalty that the State may impose.

27. An award of punitive damages in this action would violate LMPIC's rights under the due process clause of the 14th Amendment of the United States Constitution and the Arizona Constitution and that a state is prohibited from imposing grossly excessive punishment on tortfeasors. To that extent, the degree of reprehensibility of LMPIC's conduct, if any, must be considered when determining whether punishment is excessive. An imposition of damages must not be grossly out of proportion to the severity of the offense, if any offense is established.

28. Under A.R.S. § 12-341.01, LMPIC is entitled to recover reasonable attorney fees because it did not breach the Policy, did not breach the implied covenant of good faith and fair dealing, and this matter arises from a contract, the Policy.

29. Disclosure and discovery may reveal acts which support other affirmative defenses.

16

30. Accordingly, LMPIC incorporates all affirmative defenses set forth in FRCP 8.

WHEREFORE, LMPIC prays for judgment as follows:

    a.  That the Court deny any request to certify this as a class action;

    b.  That Plaintiffs take nothing against LMPIC by this Complaint;

    c.  That LMPIC be awarded its attorneys' fees under A.R.S. § 12-341.01;

    d.  That LMPIC be awarded its taxable costs; and

    e.  For such other and further relief as the Court deems just and proper.

DATED this 12th day of November, 2025.

**JABURG & WILK, P.C.**

/s/ Micalann C. Pepe
Micalann C. Pepe
Ian M. Fischer

*Attorneys for Defendant*

17

23043-23043-00028\IMF\GSZ\6705317v1

**CERTIFICATE OF SERVICE**

I hereby certify that on the 12th day of November, 2025, I electronically transmitted the foregoing Notice of Service of Fourth Supplemental Disclosure to the Clerk's Office by using CM/ECF System for filing, and for transmittal of a Notice of Electronic Filing to the following CM/ECF Registrants:

Brett L. Slavicek
James Fucetola
Justin Henry
THE SLAVICEK LAW FIRM
5500 North 24th Street
Phoenix, Arizona 85016
brett@slaviceklaw.com
james@slaviceklaw.com
justin@slaviceklaw.com

Robert B. Carey
John M. DeStefano
E. Tory Beardsley
HAGENS BERMAN SOBOL SHAPIRO LLP
11 West Jefferson Street, Suite 1000
Phoenix, AZ 85003
Email: rob@hbsslaw.com
johnd@hbsslaw.com
toryb@hbsslaw.com

*Attorneys for Plaintiffs*

/s/ Genna Zappia

18

23043-23043-00028\IMF\GSZ\6705317v1